IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| KNOSSOS GLOBAL SYSTEMS LLC, | |
|---|---|
| Plaintiff, | Civil Action No. 2:25-cv-00414 |
| v. | **JURY TRIAL DEMANDED** |
| ZOHO CORPORATION PRIVATE LIMITED, | |
| Defendant. | |

COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Knossos Global Systems LLC ("Knossos" or "Plaintiff") files this complaint against Zoho Corporation Private Limited ("Zoho" or "Defendant") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

NATURE OF THE ACTION

1. This is a patent infringement action against Defendant for infringement of the following United States Patents (the "Asserted Patents") issued by the United States Patent and Trademark Office ("USPTO"), copies of which are available as provided below:

| | U.S. Patent No. | Title | Available At |
|---|---|---|---|
| A. | 8,819,410 | Private Electronic Information Exchange | USPTO.GOV, https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/8819410 |
| B. | 8,266,421 | Private Electronic Information Exchange | USPTO.GOV, https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/8266421 |

2. Plaintiff seeks injunctive relief and monetary damages.

PARTIES

3. Plaintiff is a limited liability company formed under the laws of Texas with a

registered office address located in Austin, Texas (Travis County).

4. Zoho is a corporation organized under the laws of India with its principal place of business located at Estancia IT Park, Plot No. 140 & 151, GST Road, Vallancherry, Taluk, Chengalpattu District, Tamil Nadu 603202, India.

## JURISDICTION AND VENUE

5. Plaintiff repeats and re-alleges the allegations in Paragraphs 1-4 as though fully set forth in their entirety.

6. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others.  This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

7. Venue is proper against Defendant in this District pursuant to 28 U.S.C. 1391(c)(3) because it does not reside in any judicial district in the United States.  *See In re: HTC Corp.*, 889 F.3d 1349, 1354 (Fed. Cir. 2018).

8. Defendant is subject to this Court's specific and general personal jurisdiction under due process and/or the Texas Long Arm Statute due at least to Defendant's substantial business in this judicial District, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

9. Specifically, Zoho intends to do and does business in, has committed acts of infringement in, and continues to commit acts of infringement in this District directly, through intermediaries, by contributing to and through inducement of third parties, and offers its products or services, including those accused of infringement here, to customers and potential customers located in Texas, including in this District.

10. Based upon public information, Zoho owns, operates, advertises, and/or controls the

website https://www.zoho.com/ through which it advertises, sells, offers to sell, provides and/or educates customers about its products and services:



**Exhibit 1**.

11.    The Zoho website lists the Defendant as the owner and operator of the website:



Exhibit 1 at 2.

12.    Zoho offers products and services and conducts business in the Eastern District of

Texas.  For example, and as depicted below, Zoho promotes, advertises, and provides its services to companies with a substantial presence within this District:



**Exhibit 2**.

13. Specifically, of the excerpted customers shown above, at least the following have a substantial presence in Texas as well as this District and, as a result, buy or use the Zoho products accused of infringement in the District:

- Toyota Motor North America, Inc., is headquartered within the District at 6565 Headquarters Dr, Plano, Texas 75024;[1]

- Deloitte's "Deloitte University Leadership Center" is located within the District at 2501 Westlake Parkway, Westlake, Texas, 76262;[2]

- FedEx maintains a substantial presence in the District, with, for example, 33 FedEx staffed

---

[1] "Toyota Motor North America, Inc. (TMNA)," https://www.toyota.com/usa/operations/map/tcal, (last accessed April 8, 2025).

[2] "Our Offices: Deloitte University," https://www2.deloitte.com/us/en/footerlinks/office-locator/texas/deloitte-university.html (last accessed Apr. 8, 2025).

locations near Sherman, Texas, alone;[3] and

- Amazon has a substantial presence in the state of Texas, having invested over $70 billion in the state since 2010,[4] including the construction of a 140,000-square-foot delivery station in Tyler, Texas, within the District.[5]

14. Zoho ships and causes to be shipped into the District infringing products and materials instructing its customers to perform infringing activities to its employees, exclusive and non-exclusive contractors, agents, and affiliates for installation, operation, and service at locations within the District.

15. Defendant commits acts of infringement from this District, including, but not limited to, use of the Accused Products and inducement of third parties to use the Accused Products.

## THE ACCUSED PRODUCTS

16. Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

17. Defendant uses, causes to be used, sells, offers for sale, provides, supplies, or distributes its private information exchange services, including through its website as shown in Exhibit 1.

18. Defendant uses, causes to be used, sells, offers for sale, provides, supplies, or distributes its private information exchange services which includes, but is not limited, to the Zoho Mail product (the "Accused Products"), identified in **Exhibit A** and **Exhibit B** (Evidence of Use Regarding Infringement of the Asserted Patents).

---

[3] *See*, **Exhibit 3**, showing Zoho customer FedEx locations near Sherman, Texas.
[4] https://austinjournal.com/stories/664578405-amazon-increases-wages-nationwide-supporting-jobs-across-texas-cities, (last accessed Apr. 8, 2025).
[5] https://www.kltv.com/2024/11/11/amazon-build-new-delivery-station-tyler/, (last accessed Apr. 8, 2025).

19. Defendant also instructs its customers, agents, employees, and affiliates regarding how to use the Accused Product for private information exchanges.

20. For these reasons and the additional reasons detailed below, the Accused Products practice at least one claim of each of the Asserted Patents.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,819,410**

21. Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

22. The USPTO duly issued U.S. Patent No. 8,819,410 (hereinafter, the "'410 patent") on August 26, 2014, after full and fair examination of Application No. 13/207,417 which was filed on September 7, 2012. *See* '410 patent at 1.

23. Knossos owns all substantial rights, interest, and title in and to the '410 patent, including the sole and exclusive right to prosecute this action and enforce said patent against infringers and to collect damages for all relevant times.

24. The claims of the '410 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of virtual personalized network settings.

25. The written description of the '410 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

26. Defendant has directly infringed and continues to infringe one or more claims of the '410 patent by using, providing, supplying, or distributing the Accused Products.

27. Defendant has directly infringed and continues to infringe, either literally or under the doctrine of equivalents, at least claim 1 of the '410 patent, as detailed in Exhibit A (Evidence of Use Regarding Infringement of U.S. Patent No. 8,819,410).

28. For example, as detailed in Exhibit A, the Accused Products, used by Defendant, provide a personal digital gateway, comprising: registering a sender to enable the sender to access services of a private domain in order to allow the sender to use the private domain for electronic information transmissions between members of the private domain; receiving, at a server associated with the private domain, data from the sender indicating that the sender is initiating the transmission of electronic information in the private domain to a recipient; determining, at the server associated with the private domain, whether the recipient is a member of the private domain by examining a record of members of the private domain; providing to the sender, from the server associated with the private domain, a public cryptographic key associated with the recipient when the recipient is determined to be a member of the private domain; receiving, at the server associated with the private domain, electronic information to be delivered to a recipient from the sender, the electronic information comprises at least a portion of the electronic information encrypted by a symmetric cryptographic key that is unique for the transmission of the electronic information, and wherein the electronic information further comprises a security package that contains an encrypted version of the symmetric cryptographic key, the encrypted version of the symmetric cryptographic key encrypted by the sender using the public cryptographic key of the recipient to enable the recipient to decrypt the symmetric cryptographic key and then decrypt the at least a portion of the encrypted electronic information; and transmitting the electronic information, with the security package, over an electronic network to the recipient.

29. Defendant had knowledge of the '410 patent at least as of receipt of a September 4,

2020 letter from counsel for Plaintiff's predecessor-in-interest, Anon-X, Inc. That letter notified Defendant in writing that its Zoho Mail product infringed the '410 patent. *See* **Exhibit 4** (Sept. 4, 2020, letter from K. Anderson to Messrs. Cott and Thomas). That letter not only attached the '410 patent (as well as its parent, U.S. Patent No. 8,266,421), but also a "detailed analysis" of how Anon-X believed Zoho Mail infringed one or more claims of the '410 patent. *Id*. at 1. The letter was mailed to 4141 Hacienda Drive, Pleasanton, CA 94588, USA, the address Zoho lists on its website as the global address to mail any allegations that any Zoho service violates the intellectual property rights of the sender. *See,* **Exhibit 5** (excerpt of Zoho's webpage showing address for notifying Zoho of intellectual property infringement complaints today and as of Sept. 2, 2020). The Zoho website similarly listed that address on its website at the time Exhibit 4 was sent. *Id*. at 2.

30. Defendant never replied to the letter contained in Exhibit 4 or otherwise asserted that Zoho Mail did not infringe the claims of the '410 patent.

31. Furthermore, on information and belief and based on Defendant's failure to respond to the infringement claims reflected in Exhibit 4, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of Knossos' patent rights.

32. Since at least the time of receiving the letter shown in Exhibit 4, Defendant has also indirectly infringed one or more claims of the '410 patent by inducing others to directly infringe said claims. Defendant has induced end-users, including, but not limited to, Defendant's employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, one or more claims of the '410 patent by providing or requiring use of the Accused Products. Defendant took active steps, directly or through contractual relationships with others,

with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '410 patent, including, for example, claim 1. Such steps by Defendant included, among other things, advising or directing personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide users to use the Accused Products in an infringing manner. Defendant performed these steps, which constituted induced infringement with the knowledge of the '410 patent and with the knowledge that the induced acts constituted infringement. Defendant was aware that the normal and customary use of the Accused Products by others would infringe one or more claims of the '410 patent.

33. Defendant has also indirectly infringed by contributing to the infringement of one or more claims of the '410 patent. Defendant has contributed to the direct infringement of one or more claims of the '410 patent by its personnel, contractors, and customers. The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '410 patent, including, for example, claim 1. The special features constitute a material part of the invention of one or more of the claims of the '410 patent and are not staple articles of commerce suitable for substantial non-infringing use.

34. Defendant's actions were intentional or at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

35. Defendant's infringement of one or more claims of the '410 patent was willful, intentional, deliberate, or in conscious disregard of Knossos' rights under the patent.

36. Knossos or its predecessors-in-interest have satisfied all statutory obligations required

to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '410 patent.

37. Knossos has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Knossos in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

38. Knossos has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. Knossos has suffered this harm by virtue of Defendant's infringement of one or more claims of the '410 patent. Defendant's actions have interfered with and will interfere with Knossos' ability to license technology. The balance of hardships favors Knossos' ability to commercialize its own ideas and technology. The public interest in allowing Knossos to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 8,266,421**

39. Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

40. The USPTO duly issued U.S. Patent No. 8,266,421 (hereinafter, the "'421 patent") on September 11, 2012, after full and fair examination of Application No. 10/830,509, which was filed on April 22, 2004. *See* '421 patent at 1.

41. Knossos owns all substantial rights, interest, and title in and to the '421 patent, including the sole and exclusive right to prosecute this action and enforce said patent against infringers and to collect damages for all relevant times.

42. The claims of the '421 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include

inventive components that improve upon the function and operation of private electronic information exchanges.

43.    The written description of the '421 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

44.    Defendant has directly infringed one or more claims of the '421 patent by using, providing, supplying, or distributing the Accused Products.

45.    Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '421 patent, as detailed in <u>Exhibit B</u> (Evidence of Use Regarding Infringement of U.S. Patent No. 8,266,421).

46.    For example, as detailed in <u>Exhibit B</u>, the installation and use of the Accused Products, including but not limited to Zoho Mail, performs a method of accepting a subscription to services of a private domain by a sender in order to allow the sender to use the private domain for electronic information transmissions; associating a number of electronic information transmissions that the sender is able to send with a predetermined threshold; limiting the number of electronic information transmissions that the sender is able to send through the private domain to the predetermined threshold, wherein the predetermined threshold comprises a number of transmissions per a period of time; receiving electronic information to be delivered to a recipient from the sender; establishing a network connection with one or more servers hosting the private domain; logging into the server using an identifier uniquely identifying a sender of the electronic information before transmitting the electronic information; generating a symmetric cryptographic

key that is unique for the transmission of the electronic information, wherein a new symmetric cryptographic key is generated for each new transmission of electronic information; receiving a public cryptographic key associated with the recipient; encrypting at least a portion of the electronic information using the symmetric cryptographic key that is unique for the transmission; encrypting the symmetric cryptographic key that is unique for the transmission using the public cryptographic key of the recipient to generate a security package for the encrypted portion of the electronic information stored in the server to allow the recipient to decrypt the symmetric cryptographic key and then decrypt the encrypted electronic information; transmitting the security package to the server; and transmitting the electronic information over an electronic network with a private routing address that is routable within the private domain which is a subset of the electronic network.

47. As shown in Exhibit 4, Defendant have had actual knowledge of the '421 patent since at least receipt of the letter dated September 4, 2020, which attached the '421 patent as a related patent. Exhibit 3 at 1. Moreover, the face of the '410 patent, also attached to that letter, expressly identifies the '421 patent as its parent patent. See '410 patent at 1.

48. Since at least the time of receiving notice of the '421 patent as shown in Exhibit 4, Defendant has also indirectly infringed one or more claims of the '421 patent by inducing others to directly infringe one or more claims of the '421 patent. Defendant has induced end-users, including, but not limited to, Defendant's employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, one or more claims of the '421 patent by providing or requiring use of the Accused Products. Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '421 patent, including, for

example, claim 1.  Such steps by Defendant included, among other things, advising or directing personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide users to use the Accused Products in an infringing manner.  Defendant has performed and is performing these steps, which constitute induced infringement with the knowledge of the '421 patent and with the knowledge that the induced acts constitute infringement.  Defendant is aware that the normal and customary use of the Accused Products by others would infringe one or more claims of the '421 patent.

49. Defendant's induced infringement of one or more of the claims of the '421 patent is ongoing.

50. Defendant has also indirectly infringed by contributing to the infringement of one or more claims of the '421 patent.  Defendant has contributed to the direct infringement of one or more claims of the '421 patent by its personnel, contractors, and customers.  The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '421 patent, including, for example, claim 1.  The special features constitute a material part of the invention of one or more of the claims of the '421 patent and are not staple articles of commerce suitable for substantial non-infringing use.

51. Defendant's contributory infringement of one or more of the claims of the '421 patent is ongoing.

52. Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of Knossos' patent rights.

53. Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

54. Defendant's infringement of one or more claims of the '421 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Knossos' rights under the patent.

55. Knossos or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '421 patent.

56. Knossos has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Knossos in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

57. Knossos has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. Knossos has and will continue to suffer this harm by virtue of Defendant's infringement of the '421 patent. Defendant's actions have interfered with and will interfere with Knossos' ability to license technology. The balance of hardships favors Knossos' ability to commercialize its own ideas and technology. The public interest in allowing Knossos to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

## JURY DEMAND

58. Knossos hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

59. Knossos requests that the Court find in its favor and against Defendant, and that the Court grant Knossos the following relief:

a. Judgment that one or more claims of each of the Asserted Patents has been infringed, either literally or under the doctrine of equivalents, by Defendant or others acting in concert therewith;

b. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the '421 patent; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of those patents by such entities;

c. Judgment that Defendant accounts for and pays to Knossos all damages to and costs incurred by Knossos because of Defendant's infringing activities and other conduct complained of herein;

d. Judgment that Defendant's infringements be found willful as to the 'the '410 patent and '421 patent, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

e. Pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

f. That this Court declare this an exceptional case and award Knossos its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

g. All other and further relief as the Court may deem just and proper under the circumstances.

Dated: April 17, 2025                    Respectfully submitted,

                                         By: /s/ C. Matthew Rozier

                                         C. Matthew Rozier (CO 46854) *
                                         **ROZIER HARDT MCDONOUGH PLLC**
                                         1500 K Street, 2nd Floor
                                         Washington, District of Columbia 20005
                                         Telephone: (404) 779-5305, (202) 316-1591
                                         Email: matt@rhmtrial.com

                                         Jonathan Hardt (TX 24039906) *
                                         **ROZIER HARDT MCDONOUGH PLLC**
                                         712 W. 14th Street, Suite A
                                         Austin, Texas 78701
                                         Telephone: (210) 289-7541
                                         Email: hardt@rhmtrial.com

                                         James F. McDonough, III (GA 117088) *
                                         **ROZIER HARDT MCDONOUGH PLLC**
                                         659 Auburn Avenue NE, Unit 254
                                         Atlanta, Georgia 30312
                                         Telephone: (404) 564-1866
                                         Email: jim@rhmtrial.com

                       *Attorneys for Plaintiff KNOSSOS GLOBAL SYSTEMS LLC*

                                                   *Admitted to the Eastern District of Texas

### List of Supportive Links

1. U.S. Patent No. 8,819,410, USPTO.GOV, https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/8819410
2. U.S. Patent No. 8,266,421, USPTO.GOV, https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7246173
3. "Toyota Motor North America, Inc. (TMNA)," https://www.toyota.com/usa/operations/map/tcal
4. "Our Offices: Deloitte University," https://www2.deloitte.com/us/en/footerlinks/office-locator/texas/deloitte-university.html
5. "Amazon increases wage nationwide, supporting jobs across Texas cities," https://austinjournal.com/stories/664578405-amazon-increases-wages-nationwide-supporting-jobs-across-texas-cities
6. "Amazon to build new delivery station in East Texas," https://www.kltv.com/2024/11/11/amazon-build-new-delivery-station-tyler/

### List of Exhibits

1. Webpage: Zoho Products Home Page
2. Webpage: Zoho Exemplar Customers
3. Webpage: Zoho Customer FedEx Exemplar Locations in ED Texas.
4. Sept. 4, 2020, Letter From Anon-X to Zoho re: Infringement of Anon-X Patents
5. Webpage: Zoho IP Complaint Procedures

A. Evidence of Use Regarding Infringement of U.S. Patent No. 8,819,410
B. Evidence of Use Regarding Infringement of U.S. Patent No. 8,266,421

### List of Attachments

- Civil Cover Sheet
- Proposed Summons