IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| KNOSSOS GLOBAL SYSTEMS LLC, | § § § § | |
| *Plaintiff*, | | |
| v. | § § § | CASE NO. 2:25-CV-00414-JRG_RSP |
| ZOHO CORPORATION PRIVATE LIMITED., | § § § § § | |
| *Defendant*. | § | |

**ORDER**

Before the Court is the *Ex Parte* Motion for Leave to Effect Alternative Service filed by Plaintiff Knossos Global Systems LLC. **Dkt. No. 8**. In the Motion Plaintiff seeks leave to effect alternative service on Defendant Zoho Corporation Private Limited by serving Defendants via email to its previous U.S. counsel, Mr. Ryan J. Marton. Having considered the Motion, it hereby is **GRANTED**.

**I.    LEGAL STANDARD**

The Federal Rules of Civil Procedure state that a foreign corporation served outside the United States may be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). Federal Rule of Civil Procedure 4(f) provides that an individual in a foreign country may be served as follows:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

1

      (B) as the foreign authority directs in response to a letter rogatory or letter of request; or

      (C) unless prohibited by the foreign country's law, by:

          (i) delivering a copy of the summons and of the complaint to the individual personally; or

          (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

   (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

    Rule 4(f)(3)—authorizing court-ordered service "by other means not prohibited by international agreement"—is "not a 'last resort' or a type of 'extraordinary relief' for a plaintiff seeking to serve process on a foreign defendant." *In re OnePlus Tech. (Shenzhen) Co., Ltd.*, 2021 WL 4130643, at *3 (Fed. Cir. Sept. 10, 2021). To the contrary, Rule 4(f)(3) "stands independently, on equal footing" with other methods of service under Rule 4(f). *Id.* (quoting *Nuance Comm'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010)). However, courts must be mindful that "Rule 4(f)(3) was not meant to displace the other rules for service in every instance in which alternative means of service are seen as more convenient." *Id.*

    Accordingly, courts typically order service under Rule 4(f)(3) after considering the delay and expense of conventional means of service in conjunction with other special circumstances that justify court intervention. *Id.*; *see also SIMO Holdings, Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*, 2020 WL 6578411, at *1 (E.D. Tex. June 15, 2020) (noting that the plaintiffs had attempted service through the Hague Convention before seeking leave for alternative service). District courts are granted broad discretion in making such a determination. *OnePlus*, 2021 WL 4130643, at *3-4.

## II.  DISCUSSION

In its Motion, Plaintiff informs the Court that it has already attempted to serve Defendants through multiple channels. Dkt. No. 8 at 2-3. Specifically, Plaintiff asserts that on April 23, 2025, it served Defendant domestically by mail *via* the registered agent for service of its U.S. affiliate. *Id.* at 2. Following this, on April 25, 2025, Plaintiff served Defendant's former U.S. counsel—Mr. Marton—who received a Waiver Request Package. *Id.* at 3 (citing Dkt. No. 8-2). Plaintiff also notes that it attempted to effectuate service via the Hague. *Id.* Specifically, on May 9, 2025, it sent the required documents for service, the original English-language materials and the accompanying Hague Request Form, to the Central Authority for India[1] located in New Delhi. *Id.* (citing Dkt. No. 8-4).

Plaintiff's chief argument for why alternative service of process is justified here is that the Indian Central Authority may not return a formal proof of service for twelve to twenty-four months. *Id.* (citing Dkt. No. 8-5). Accordingly, Plaintiff asks the Court to exercise its discretion to allow Plaintiff to effect alternative service under Rule 4(f)(3) "to prevent any further delays in the prosecution of this case." *Id.* at 6-7, 11 (citing *Stingray IP Sols., LLC v. Signify N.V.*, No. 2:21-cv-00044-JRG, 2021 U.S. Dist. LEXIS 259804, at *9-10 (E.D. Tex. Nov. 2, 2021)).

While recognizing that the delay and expense imposed by the Hague Convention are inconvenient, this Court is reluctant to authorize alternative service under Rule 4(f)(3) where Plaintiff has made no showing that it has first attempted service under the Hague Convention, nor other "special circumstances" which would justify alternative service. *See In re OnePlus*, 2021 WL 4130643, at *3. As explained above, Rule 4(f)(3) was not meant to supplant conventional means of service just because alternative service would be simpler, faster, or cheaper.

---

[1] As per Plaintiff's Complaint, Defendant Zoho is an Indian corporation with its principal place of business located at Estancia IT Park, Plot No. 140 & 151, GST Road, Vallancherry, Taluk, Chengalpattu District, Tamil Nadu 603202, India. Dkt. No. 1 at ¶ 4.

Conventional service, by its nature, is sometimes inconvenient, but it is a foundational part of affording due process to those against whom a suit is brought. As to Plaintiff's invocation of the Court's previous *Stingray* decision, in that case the Court made clear that "the Court declines to find that any delay associated with service through the Hague Convention *alone* is sufficient to justify a grant of alternative service." *Stingray*, No. 2:21-cv-00044-JRG, 2021 U.S. Dist. LEXIS 259804, at *10-11 (E.D. Tex. Nov. 2, 2021)) (emphasis added).

Here, however, we are satisfied that the twelve to twenty-four month delay from the Indian Central Authority creates a special circumstance. Also, because Plaintiff has already initiated service via the Hague Convention (as well as through other means), this is not a situation in which the complained of issue of delay associated with service through the Hague Convention is standing *alone*.

Further, as Plaintiff correctly points out (Dkt. No. 8 at 7-8), the Court finds that the requested methods of service are not prohibited by international agreement because the requested method of service would be effectuated in the United States, meaning that the Hague Convention would not be implicated. *Fundamental Innovation Sys. Int'l, LLC v. ZTE Corp.*, No. 3:17-cv-01827-N, 2018 WL 3330022,*5 (N.D. Tex. Mar. 16, 2018) ("Service on ZTE Corporation's counsel would not require the transmittal of documents abroad, so the Hague Convention would not apply.").

There does, however, remain the issue of whether service on Defendant through Mr. Marton comports with the requirements of due process. Here, the Court is satisfied that it does. As this Court has consistently said: "Courts routinely direct service on an international defendant's counsel under Rule 4(f)(3)" (*SIMO Holdings, Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*, No. 2:20-CV-00003-JRG, 2020 WL 6578411, at *3 (E.D. Tex. June 15, 2020) (internal citations omitted)), and that serving an international defendant's U.S. counsel removes "any material doubt that [a defendant] will receive notice

4

of [the] suit" (*WorldVentures Holdings, LLC v. MaVie*, 2018 U.S. Dist. LEXIS 209348, *38 (internal citations and quotations omitted)).

While the Court has concerns that Mr. Marton was Defendant's *past* counsel it appears that service through him is reasonably calculated to apprise Defendant of the instant action. This is particularly so in view of the fact that Mr. Marton has represented Defendant in at least one prior patent infringement action in this very Court (*See* 2:17-cv-00415-JRG, Dkt. No. 7 (Notice of Appearance by Ryan J. Marton for Defendant Zoho Corporation, dated June 1, 2017)), and that he has continued to represent Defendant Zoho as recently as a few months ago. (*See* 7:24-cv-00258-DC-DTG, Dkt. No. 13 (Appearance by Mr. Marton *pro hac vice* for Defendant Zoho Corporation, dated December 17, 2024)).

### III. CONCLUSION

The Court finds that Plaintiff's showing justifies the remedy of alternative service. Accordingly, Plaintiff's Motion is hereby **GRANTED**.

Therefore, it is **ORDERED** that Plaintiff is granted leave to effectuate service on Defendant via its former U.S. counsel, Mr. Ryan J. Marton.

**SIGNED this 22nd day of June, 2025.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE