## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| KNOSSOS GLOBAL SYSTEMS LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>ZOHO CORPORATION PRIVATE LIMITED,<br><br>            Defendant. | Civil Action No. 2:25-cv-00414-JRG_RSP |

### UNOPPOSED MOTION TO AMEND DOCKET CONTROL ORDER

Defendant Zoho Corporation Pvt. Ltd. ("Zoho"), by and through its undersigned counsel, moves to amend the Docket Control Order ("DCO") as set forth below and in the attached proposed order. Zoho requests an additional two weeks to serve its invalidity contentions and related disclosures. The proposal does not alter any other deadline.

A scheduling order may be modified "upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b). "[W]hen determining whether good cause exists to allow a deviation from the court's scheduling order," this circuit considers four factors: "(1) the explanation for the failure to [meet the deadline]; (2) the importance of the [modification of the deadline]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Travelpass Group, LLC v. Caesars Entm't Corp.*, No. 5:18CV153-RWS-CMC, 2020 WL 10963947, at *4 (E.D. Tex. Nov. 9, 2020) (brackets in original). Each factor supports the motion to amend the DCO.

The modest extension is requested based on counsel for Zoho's preparation for an upcoming trial. Zoho believes the parties would not suffer prejudice in allowing the

1

modification of the DCO because it would not result in an extension of the overall schedule, and the extension is modest.  Moreover, this extension is unopposed. There is no need for continuance to cure prejudice to either party as this extension does not modify any other deadlines.

Accordingly, Zoho respectfully requests the Court to issue the attached Amended DCO. The proposed dates are set forth below:

| February 8, 2027 | Unchanged | *Jury Selection – 9:00 a.m. in **Marshall, Texas** before District Judge Rodney Gilstrap. |
|---|---|---|
| 7 days before Jury Selection | Unchanged | *Defendant to disclose final invalidity theories, final prior art references/combinations, and final equitable defenses with notice of the same filed with the Court.[1] |
| 10 days before Jury Selection | Unchanged | *Plaintiff to disclose final election of Asserted Claims with notice of the same filed with the Court.[2] |
| January 11, 2027 | Unchanged | * If a juror questionnaire is to be used, an editable (in Microsoft Word format) questionnaire shall be jointly submitted to the Deputy Clerk in Charge by this date.[3] |
| January 4, 2027 | Unchanged | * Pretrial Conference – 9:00 a.m. in Marshall, Texas before Judge Roy Payne |

---

[1] The proposed DCO shall include this specific deadline. The deadline shall read, "7 days before Jury Selection," and shall not include a specific date.

[2] Given the Court's past experiences with litigants dropping claims and defenses during or on the eve of trial, the Court is of the opinion that these additional deadlines are necessary. The proposed DCO shall include this specific deadline. The deadline shall read, "10 days before Jury Selection," and shall not include a specific date.

[3] The Parties are referred to the Court's Standing Order Regarding Use of Juror Questionnaires in Advance of *Voir Dire.*

| December 28, 2026 | Unchanged | *Notify Court of Agreements Reached During Meet and Confer<br><br>The parties are ordered to meet and confer on any outstanding objections or motions *in limine*. The parties shall advise the Court of any agreements reached no later than 1:00 p.m. three (3) business days before the pretrial conference. |
|---|---|---|
| December 28, 2026 | Unchanged | *File Joint Pretrial Order, Joint Proposed Jury Instructions, Joint Proposed Verdict Form, Responses to Motions *in Limine*, Updated Exhibit Lists, Updated Witness Lists, and Updated Deposition Designations |
| December 21, 2026 | Unchanged | *File Notice of Request for Daily Transcript or Real Time Reporting.<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Shawn McRoberts, at shawn_mcroberts@txed.uscourts.gov. |
| December 14, 2026 | Unchanged | File Motions *in Limine*<br><br>The parties shall limit their motions *in limine* to issues that if improperly introduced at trial would be so prejudicial that the Court could not alleviate the prejudice by giving appropriate instructions to the jury. |
| December 14, 2026 | Unchanged | Serve Objections to Rebuttal Pretrial Disclosures |
| December 7, 2026 | Unchanged | Serve Objections to Pretrial Disclosures; and Serve Rebuttal Pretrial Disclosures |
| November 23, 2026 | Unchanged | Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof |

| | | |
|---|---|---|
| November 16, 2026 | Unchanged | *Response to Dispositive Motions (including *Daubert* Motions). Responses to dispositive motions that were filed <u>prior</u> to the dispositive motion deadline, including *Daubert* Motions, shall be due in accordance with Local Rule CV-7(e), not to exceed the deadline as set forth in this Docket Control Order.[4] Motions for Summary Judgment shall comply with Local Rule CV-56. |
| November 2, 2026 | Unchanged | *File Motions to Strike Expert Testimony (including *Daubert* Motions)<br><br>No motion to strike expert testimony (including a *Daubert* motion) may be filed after this date without leave of the Court. |
| November 2, 2026 | Unchanged | *File Dispositive Motions<br><br>No dispositive motion may be filed after this date without leave of the Court.<br><br>Motions shall comply with Local Rule CV-56 and Local Rule CV-7. <u>Motions to extend page limits will only be granted in exceptional circumstances. Exceptional circumstances require more than agreement among the parties.</u> |
| October 26, 2026 | Unchanged | Deadline to Complete Expert Discovery |
| October 13, 2026 | Unchanged | Serve Disclosures for Rebuttal Expert Witnesses |
| September 21, 2026 | Unchanged | Deadline to Complete Fact Discovery and File Motions to Compel Discovery |
| September 21, 2026 | Unchanged | Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof |
| August 27, 2026 | Unchanged | Comply with P.R. 3-7 (Opinion of Counsel Defenses) |

---

[4] The parties are directed to Local Rule CV-7(d), which provides in part that "[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." If the deadline under Local Rule CV 7(e) exceeds the deadline for Response to Dispositive Motions, the deadline for Response to Dispositive Motions controls.

| August 6, 2026 | Unchanged | *Claim Construction Hearing – 9:00 a.m. in **Marshall, Texas** before Magistrate Judge Roy Payne. |
|---|---|---|
| July 23, 2026 | Unchanged | *Comply with P.R. 4-5(d) (Joint Claim Construction Chart) |
| July 16, 2026 | Unchanged | *Comply with P.R. 4-5(c) (Reply Claim Construction Brief) |
| July 9, 2026 | Unchanged | Comply with P.R. 4-5(b) (Responsive Claim Construction Brief) |
| June 25, 2026 | Unchanged | Comply with P.R. 4-5(a) (Opening Claim Construction Brief) and Submit Technical Tutorials (if any)<br><br>Good cause must be shown to submit technical tutorials after the deadline to comply with P.R. 4-5(a). |
| June 25, 2026 | Unchanged | Deadline to Substantially Complete Document Production and Exchange Privilege Logs<br><br>Counsel are expected to make good faith efforts to produce all required documents as soon as they are available and not wait until the substantial completion deadline. |
| June 11, 2026 | Unchanged | Comply with P.R. 4-4 (Deadline to Complete Claim Construction Discovery) |
| June 4, 2026 | Unchanged | File Response to Amended Pleadings |
| May 21, 2026 | Unchanged | *File Amended Pleadings<br><br>It is not necessary to seek leave of Court to amend pleadings prior to this deadline unless the amendment seeks to assert additional patents. |
| May 14, 2026 | Unchanged | Comply with P.R. 4-3 (Joint Claim Construction Statement) |
| April 23, 2026 | Unchanged | Comply with P.R. 4-2 (Exchange Preliminary Claim Constructions) |
| April 2, 2026 | Unchanged | Comply with P.R. 4-1 (Exchange Proposed Claim Terms) |

| November 12, 2025 | November 26, 2025 | Comply with Standing Order Regarding Subject-Matter Eligibility Contentions[5] |
|---|---|---|
| November 12, 2025 | November 26, 2025 | Comply with P.R. 3-3 & 3-4 (Invalidity Contentions) |

WHEREFORE, Zoho requests that the proposed order submitted herewith be entered, amending the deadlines in the DCO as set forth above.

Dated: November 6, 2025                Respectfully submitted,

By:   /s/ *Phillip J. Haack*
Ryan J. Marton (CA 223979, *admitted E.D. Tex.*)
ryan@martonribera.com
Carolyn Chang (CA 217933, *admitted E.D. Tex.*)
carolyn@martonribera.com
Hector Ribera (CA 221511, admitted E.D. Tex.)
hector@martonribera.com
Phillip J. Haack (CA 262060, *admitted E.D. Tex.*)
phaack@martonribera.com
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
415-360-2514

*Attorneys for Defendant Zoho Corporation Private Limited*

---

[5] http://www.txed.uscourts.gov/sites/default/files/judgeFiles/EDTX%20Standing%20Order%20Re%20Subject%20Matter%20Eligibility%20Contentions%20.pdf [https://perma.cc/RQN2-YU5P]

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 6, 2025, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System, which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

/s/ Phillip Haack

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel has complied with the requirements of L.R. CV-7(h). Counsel for the parties conferred by email on November 6, 2025 regarding this Motion and that counsel for Knossos Global Systems LLC indicated that it does not oppose the relief requested.

Dated: November 6, 2025

By: /s/ Phillip Haack