IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| KNOSSOS GLOBAL SYSTEMS LLC, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:25-cv-00414-JRG-RSP |
| | § | |
| ZOHO CORPORATION PRIVATE | § | |
| LIMITED, | § | |
| *Defendant*. | § | |
| | § | |

## MEMORANDUM ORDER

Before the Court is Defendant's Motion to Transfer to the Western District of Texas. **Dkt. No. 13**. In the Motion, Defendant requests transfer, because its U.S. offices are primarily located in Austin, Texas. Having considered the Motion, and for the reasons discussed below, the motion is **DENIED**.[1]

## I.    LEGAL STANDARD

### A.    Venue

The Judicial Code provides that 28 U.S.C. § 1400(b) is the "sole and exclusive provision controlling venue in patent infringement actions" and is not supplemented by the general venue statutes. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 266 (2017) (citing *Fourco Glass Co. v. Transmirra Prod. Corp.*, 353 U.S. 222, 229 (1957)). Pursuant to 28 U.S.C. § 1400(b), venue lies "in the judicial district where the defendant resides" or "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

Three elements must be met in order to establish that a defendant has a regular and

---

[1] Plaintiff has notified the Court as to supplemental facts relevant to this Motion. *See* Dkt. No. 36. The Court resolves the Motion in Plaintiff's favor without these supplemental facts.

1

established place of business in the district: (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant. *In re: Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

When challenged, the plaintiff has the burden of establishing that venue is proper under 28 U.S.C. §1400(b). *In re: ZTE (USA) Inc.,* 890 F.3d 1008, 1013–14 (Fed. Cir. 2018). "A court may decide whether venue is improper based upon (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *AGIS Software v. T-Mobile USA Inc.*, No. 2:21-cv-72-JRG-RSP, 2021 WL 6616856, at *1 (E.D. Tex. Nov. 10, 2021) (quoting *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009)), *R&R adopted*, 2022 WL 178804 (E.D. Tex. Jan. 19, 2022).

### B.    Transfer

A federal district court may transfer a case "for the convenience of parties and witnesses" to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a)'s threshold inquiry is whether the case could initially have been brought in the proposed transferee forum. *In re Volkswagen AG*, 371 F.3d 201, 202-03 (5th Cir. 2004) ("*Volkswagen I*"). The question of whether a suit "might have been brought" in the transferee forum encompasses subject matter jurisdiction, personal jurisdiction, and propriety of venue. *Id.* at 203. Only if this statutory requirement is met should the Court determine whether convenience warrants a transfer of the case. See *Id.*; *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*"). The burden to prove that a case could have been brought in the transferee forum falls on the party seeking transfer. See *Volkswagen II*, 545 F.3d at 315; *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). Once the moving party has established that the instant

2

case could have been brought in the transferee forum, the Court moves on to consider the private and public factors provided in *Volkswagen I.*

The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I,* 371 F.3d at 203). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (quoting *Volkswagen I*, 371 F.3d at 203) (alterations in original). The factors are neither exclusive nor exhaustive, and no one factor is dispositive. *Id.*

The burden to prove that a case should be transferred for convenience falls squarely on the moving party. *Id.* Although the plaintiff's choice of forum is not a separate factor, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed. *Id.* at 314-15; *In re Apple Inc.*, 979 F.3d 1332, 1338 (Fed. Cir. 2020) (applying Fifth Circuit law). While "clearly more convenient" is not necessarily equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). In considering a transfer under § 1404(a), the Court may consider undisputed facts outside of the pleadings but must draw all reasonable inferences and resolve factual disputes in favor of the non-movant. See

3

*Vocalife LLC v. Amazon.com, Inc.*, No. 2:19-cv-00123, 2019 U.S. Dist. LEXIS 205696, 2019 WL 6345191, at *2 (E.D. Tex. Nov. 27, 2019); *cf. Trois v. Apple Tree Auction Cent. Inc.*, 882 F.3d 485, 492-93 (5th Cir. 2018) (reviewing a transfer under § 1406); *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (reviewing enforcement of a forum-selection clause).

## II.    ANALYSIS

### A.    Venue

Defendant is a foreign company and is therefore a resident of "any judicial district" under 28 U.S.C. § 1391. A patent infringement suit "may be brought in the judicial district where the defendant resides." 28 U.S.C. § 1400. Therefore, venue is proper in either the Eastern or Western Districts of Texas.

### B.    Transfer

#### 1.    *Private Interest Factors*

Defendant argues that because the Federal Circuit "requires the Court to assume that the bulk of all relevant evidence will come from the accused infringer," and because their "documents relevant to marketing, sales, and financials of Zoho Mail in the United States are in" Austin, the "relative ease of access to sources of proof" factor favors transfer. Dkt. No. 13 at 6. Defendant adds that their Austin presence eases access to documents located in India from the Western District, as compared to the Eastern District. *Id.* at 6-7. Defendant notes that no identified "sources of proof" are located in the Eastern District. Defendant argues the third prong – cost of willing witness attendance – favors transfer. *Id.* at 8. Defendant notes that "relevant Zoho employees in the United States reside in or near Austin," and that Austin is closer than Marshall to a major airport for Defendant's India and California-based witnesses to travel to court from. *Id.* Finally,

Defendant argues the final prong – lack of practical problems – is neutral, because no other parties are involved in the litigation, and because of the case's early stages. *Id.* at 9-10.

Plaintiff argues that because "virtually every single document and all information related to the accused [] product are created, stored, and maintained in India," Defendant's argument that relevant documents are in Austin lacks merit. Dkt. No. 31 at 7. Plaintiff notes that this factor's inquiry cannot consider document "accessibility," but rather "where documents are created and maintained and where the custodians responsible for those documents are located." *Id.* at 8. Plaintiff argues that because most employees assigned to the accused product, along with the entirety of the accused product's source code is in India, the third prong – cost of willing witness attendance – does not favor transfer. *Id.* at 9-10. Plaintiff notes that the inconvenience of travel from India to Marshall is "slight" compared to Austin, given that DFW, Marshall's closest airport has more flight connections than Austin, and because "a regional airport in Shreveport, Louisiana is just 30 minutes away." *Id.* at 11 (internal quotes omitted). Finally, Plaintiff argues that because they are asserting the same patents in a pending Eastern District suit, the fourth prong – other practical problems – disfavors transfer. *Id.* at 12. Defendant argues that this ultimately "disrupts judicial economy." *Id.*

The Court is of the opinion that no private interest factor favors transfer. Defendant argues that transfer is favored because "documents relevant to marketing, sales, and financials of [the accused product] in the United States are in" Austin. Defendant, however, fails to consider that given the accused product's development occurred largely in India, little relevant evidence stems from these documents, which are limited to "marketing, sales, and financials…in the *United States*." The Federal Circuit notes that the Court must consider "bulk of all relevant evidence will

come from the accused infringer," which here, is in Chennai, India. Because Chennai, India is abroad, equally inconvenient to either district, the first prong does not favor transfer.

The same argument is true for the travel of willing witnesses. "This case is not being consigned to the wastelands of Siberia or some remote, distant area of the Continental United States…just Marshall, Texas." *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 776 (E.D. Tex. 2000) (internal citations omitted). For witnesses traveling thousands of miles from India to the United States, the marginal travel time difference between Austin and Marshall is insignificant and does not favor transfer. Finally, the Court finds the "other practical problems" slightly disfavors transfer. While the Court could potentially consolidate for claim construction, because the same patents are asserted, the Parties' briefs do not indicate whether the cases are similar enough for consolidation. The Parties do not dispute that the "availability of compulsory process" factor is neutral. *See* Dkt. No. 13 at 7; Dkt. No. 31 at 8. Thus, all the private interest factors are either neutral, or do not favor transfer. Therefore, the Court finds that the private interest factors do not favor transfer.

### 2. Public Interest Factors

Defendant argues that a "strong local interest" favors transfer to the Western District of Texas. Dkt. No. 13 at 10. Defendant argues that because "sales, marketing and financial operations" of the accused product occurred in Austin, the Western District has a strong local interest in this case. *Id.* Defendant adds that because they lack "presence or relevant contacts" in the Eastern District, the local interest is less. *Id.* at 11.

Plaintiff argues that there exists no local interest in the Western District, because Defendant's Austin presence is a "non-party affiliate" which bears little relevance to Defendant.

Dkt. No. 31 at 13. Plaintiff adds that the accused product was developed entirely in India, not Austin.

The Court is of the opinion that the local interest factor does not favor transfer. Because the accused product, an email product, is equally accessible from both districts, it follows that the alleged infringement occurred in both districts. Defendant is a foreign company, with no direct presence in either district. The Court does not find persuasive Defendant's connection through their U.S. subsidiary, given the subsidiary's lack of connection to the alleged infringement. The Parties only dispute whether the "local interest" factor favors transfer – the rest are agreed as neutral. *See* Dkt. No. 13 at 11; Dkt. No. 31 at 14. Therefore, the Court finds that the public interest factors do not favor transfer.

## III.   CONCLUSION

For the reasons discussed above, the Court is of the opinion that Defendant's Motion be, and hereby is, **DENIED**.

**SIGNED this 25th day of March, 2026.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE