**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| KNOSSOS GLOBAL SYSTEMS LLC,<br><br>Plaintiff,<br><br>v.<br><br>ZOHO CORPORATION PRIVATE LIMITED,<br><br>Defendant. | Civil Action No. 2:25-cv-00414-JRG-RSP |

# DEFENDANT ZOHO CORPORATION PRIVATE LIMITED'S MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA BY ALTERNATE MEANS

## I. INTRODUCTION

Defendant Zoho Corporation Private Limited ("Zoho") respectfully moves the Court for authorization to serve subpoenas (Exhibit A) on third-party Tangible IP, LLC ("Tangible IP") by alternate means. Plaintiff Knossos Global Systems, LLC ("Knossos" or "Plaintiff") sued Zoho for patent infringement. Tangible IP is a patent brokerage company that facilitated the sale of the patents Plaintiff asserts in this case. Zoho's subpoenas seek highly relevant information regarding the marketing and sale of the asserted patents.

Zoho has diligently attempted to serve Tangible IP. Zoho hired a process server to serve Tangible IP at the address registered with the Washington Secretary of State. Several service attempts were unsuccessful. That address, which is also Tangible IP's mailing address and principal office, is a residence that is currently listed for rent, and Tangible IP's registered agent and CEO no longer lives there. Zoho amended its subpoenas to serve Tangible IP through its Vice President, R. Alan Burnett. After service, Mr. Burnett informed Zoho's counsel that he is not an officer of Tangible IP and not authorized to accept service on its behalf. Plaintiff or its counsel is in communication with Tangible IP—Plaintiff's counsel knew of Zoho's unsuccessful attempts to serve the subpoenas before Zoho had discussed it with them—yet neither is authorized to accept service on Tangible IP's behalf. Zoho's counsel emailed Tangible IP's Founder, CEO, and registered agent, Louis Carbonneau to request he accept service via email or provide a current address for service. Mr. Carbonneau has not responded. Tangible IP is thus aware of the subpoenas but has not made itself available for service. Zoho requests authorization to serve Tangible IP by any alternate means the Court deems appropriate.

## II. STATEMENT OF FACTS

Plaintiff Knossos filed this lawsuit on April 17, 2025, asserting infringement of U.S. Patent Nos. 8,819,410 ("the '410 patent") and 8,266,421 ("the '421 patent") (collectively, the "Asserted Patents").

Plaintiff is a Texas LLC formed in February 2025. Plaintiff acquired the Asserted Patents from Anon-X, Inc. ("Anon-X"). Tangible IP is a Washington-based patent brokerage and markets itself as "the global leader in the sale and acquisition of high-quality patents." Exhibit B (Tangible IP Home). Anon-X used Tangible IP to market and sell the Asserted Patents. Exhibit C (Tangible IP Anon-X announcement).

On August 6, 2026, Zoho issued document and deposition subpoenas to Tangible IP to obtain information related to the marketing, sale, and acquisition of the Asserted Patents. Ex. A. Zoho hired First Legal to serve Tangible IP's registered agent at its registered address. Ex. D (Washington Secretary of State listing). First Legal made several unsuccessful service attempts at this address between August 7 and August 12. Ex. E (First Legal declaration). Tangible IP's registered agent address, mailing address, and principal office address are the same Washington address, a residence that is listed for rent. Ex. D; Ex. F (Zillow listing).

On September 6, 2026, Plaintiff's counsel stated they were aware that Tangible IP had not been served but were not authorized to accept service on behalf of Tangible IP. Ex. K (Gordon-Seifert email)

On September 9, 2026, Zoho amended its document and deposition subpoenas to serve Tangible IP via its Vice President, R. Alan Burnett. Tangible IP lists Mr. Burnett as "VP Technology Software & Networking." Ex. G (Tangible IP About page). Mr. Burnett was served September 9, 2026. Ex. H (First Legal declaration). Mr. Burnett informed Zoho's counsel that he is not an officer of Tangible IP and not authorized to accept service on its behalf. Ex. I (Haack

email)[1]. Mr. Burnett confirmed that Mr. Carbonneau no longer lives at Tangible IP's registered address and that he did not have an updated address for the company. *Id.*

On September 14, 2026, the parties met and conferred on discovery issues. Zoho's counsel raised its unsuccessful attempts to serve Tangible IP and again confirmed Plaintiff's counsel is not authorized to accept service on Tangible IP's behalf and is not aware of a current address for service. Ex. I.

On September 15, 2026, Zoho's counsel emailed Mr. Carbonneau via his Tangible IP email address to ask if he would accept service via email or provide a current address for his company. Ex. J (Flores email); Ex. L (Tangible IP Career webpage) (listing Mr. Carbonneau's email address). Mr. Carbonneau is the founder and CEO of Tangible (Ex. G) as well as its registered agent (Ex. D). Mr. Carbonneau never responded to the September 15 email, and the email was not returned as undeliverable.

Mr. Carbonneau is a lawyer licensed with the Washington State Bar. His mailing address is the same address listed for Tangible IP. Ex. M

In an unrelated matter, Apple filed in the Western District of Washington a motion to compel Tangible IP to comply with its subpoena. *See Apple Inc. v. Tangible IP*, 2:26-mc-0047-JNW (W.D. Wash.). Tangible IP opposed the motion on August 17, 2026, represented by Alexander W. Aiken of Susman Godfrey, LLP. Ex. N.

## III. LEGAL STANDARDS

Federal Rule of Civil Procedure 45 governs subpoenas on non-parties and service of the same. This Court has permitted alternative service of a non-party subpoena when reasonable service attempts have been unsuccessful. *See Universal Connectivity Techs. Inc. v. Lenovo Grp.*

---

[1] Mr. Haack's email mistakenly refers to Mr. Burnett as Mr. Rutter.

*Ltd.*, No. 2:23-CV-00449-JRG, 2025 WL 872487, at *2 (E.D. Tex. Mar. 20, 2025) (permitting alternate service of a subpoena on a foreign entity under Rule 4 after two separate and reasonable attempts at conventional service). Other courts "have permitted service by certified mail and other means if the method of service is made in a manner designed to reasonably insure actual receipt of the subpoena by the witness." *OceanFirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 754 (E.D. Mich. 2011) (quoting *Franklin v. State Farm Fire & Cas. Co.*, 2009 WL 3152993, at *1–2 (E.D. Mich. 2009)). "Courts that have sanctioned alternative means of service under Rule 45 often have done so only after the party requesting the accommodation diligently attempted to effectuate personal service." *Id.* (quoting *Franklin,* 2009 WL 3152993, at *2); *see also Snyder-Hill v. Ohio State Univ.*, No. 2:23-CV-2993, 2026 WL 1846747, at *3 (S.D. Ohio Jan. 12, 2026) (granting motion for alternative service of nonparty); *Government Employees Insurance Company v. Kalitenko*, No. 22-CV-3804 (ARR), 2022 WL 16798219, at *1 (E.D.N.Y. Nov. 8, 2022) (noting courts have permitted alternative service where "personal service was previously attempted and where the witness is aware of the service attempt."); *Monson v. Ghougoian*, No. 18-10638, 2019 WL 2464499, at *1 (E.D. Mich. June 13, 2019) ("coupled with the Court's interest in an efficient and time-effective resolution of this matter, *see* Fed. R. Civ. P. 1, the Court will read Rule 45 'to allow service of a subpoena by alternate means once the party seeking evidence demonstrates an inability to effectuate service after a diligent effort.'").

## IV. ARGUMENT

Zoho has diligently attempted to serve Tangible IP, first through its registered agent at its registered address listed with the Washington Secretary of State, and second through its vice president. Exs. E, H. Both attempts were unsuccessful. Zoho has made reasonable efforts to find a current address to serve Tangible IP. Zoho's counsel emailed Tangible IP's founder, CEO, and registered agent, Mr. Carbonneau, to request that he accept service for Tangible IP or provide a

current address for service. Ex. J. Mr. Carbonneau did not respond. Zoho has been unable to locate another address for Tangible IP or Mr. Carbonneau. Plaintiff or its counsel is in contact with Tangible IP as evidenced by their knowledge of Zoho's unsuccessful attempts to effect service. *See* Ex. K. Knossos's counsel is not authorized to accept service on behalf of Tangible IP. Exs. I, K.

Service by mail to Tangible IP's addresses of record would be futile. Tangible IP's registered agent, Mr. Carbonneau, its mailing address, and its principal office are all listed at the same residence. Ex. D. Zoho's process server attempted service at that residence on three occasions between August 7 and August 12 without success. Ex. E. The residence is currently listed for rent, Ex. F, and Tangible IP's Vice President confirmed that Mr. Carbonneau no longer lives there and that he knows of no other address for the company. Ex. I. Thus, the individual designated to receive service on Tangible IP's behalf no longer resides at the sole address the company has provided to the Washington Secretary of State. Because every address of record leads to the same vacant residence, mailing the subpoenas there would not "reasonably insure actual receipt." *OceanFirst*, 794 F. Supp. 2d at 754.

Tangible IP has actual notice of the subpoenas. Zoho delivered the subpoenas to Tangible IP's Vice President, Mr. Burnett, who is publicly held out as Tangible IP's Vice President. Ex. H. Zoho's counsel emailed Mr. Carbonneau, Tangible IP's founder, CEO, and registered agent, at the address Tangible IP publishes on its own website. Exs. L, J. Courts permit alternative service where "personal service was previously attempted and where the witness is aware of the service attempt." *Kalitenko*, 2022 WL 16798219, at *1. Both conditions are met here. Service by

email to Tangible IP's founder, CEO, and registered agent is reasonably calculated to ensure actual receipt. *See OceanFirst*, 794 F. Supp. 2d at 754.[2]

The information Zoho seeks is highly relevant to almost every aspect of this case. *See* Ex. A (enumerating document requests and deposition topics). Tangible IP brokered the sale of the Asserted Patents which were ultimately acquired by Plaintiff. Ex. C. Exemplary relevant information Tangible IP likely has in its possession and control includes material related to the value of the Asserted Patents and their validity, including marketing and solicitation materials for the Asserted Patents; claim charts prepared against potential targets; offers, term sheets, letters of intent, and non-disclosure agreements with prospective buyers or licensees of Asserted Patents; valuations, appraisals, and pricing analyses of the Asserted Patents; and analyses of the validity and enforceability of the Asserted Patents.

Because Zoho has diligently but unsuccessfully attempted to serve Tangible IP, Zoho respectfully requests that the Court authorize service of Tangible IP by email to its registered agent, founder, and CEO, Mr. Carbonneau at louis@tangibleip.biz; through Tangible IP's counsel in *Apple Inc. v. Tangible IP*, 2:26-mc-0047-JNW (W.D. Wash.), Alexander W. Aiken of Susman Godfrey, LLP; through Knossos's counsel; and/or by any alternate means the Court deems appropriate. Zoho further requests that the Court deem service effective on the date the email is sent, order Tangible IP to produce documents within fourteen (14) days of service and to appear for deposition within thirty (30) days of service at a mutually agreeable date and a location within 100 miles of where Tangible IP resides or regularly transacts business. Because

---

[2] Washington law permits service on an entity by certified mail to its principal office where its registered agent cannot be served with reasonable diligence. RCW 23.95.450. That alternative is unavailable here because Tangible IP's principal office of record is the same residence at which personal service has already failed and which is currently listed for rent. Exs. D, E, F.

the witness fee and mileage required by Rule 45(b)(1) cannot be delivered with an emailed subpoena, Zoho further requests that the Court deem that requirement satisfied if Zoho (1) offers the fee and mileage in the service email, payable by electronic transfer or by check to any address Tangible IP designates, and (2) pays the fees before the start of the deposition.

Respectfully submitted,

Date: September 29, 2026

*/s/ Tecuan Flores*

Ryan J. Marton (*Admitted E.D. Tex.)*
ryan@martonribera.com
Phillip J. Haack (*Admitted E.D. Tex.)*
phaack@martonribera.com
Tecuan Flores
tecuan@martonribera.com
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
415-360-2514

*Attorneys for Defendant Zoho Corporation Private Limited*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 29, 2026, I electronically filed this document with the Clerk of the Court for the Eastern District of Texas using the ECF System, which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

*/s/ Tecuan Flores*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies meet-and-confer requirements in Local Rule CV-7(h) have been met. On September 21, 2026, I emailed Plaintiff's counsel to ask whether Plaintiff would oppose a motion for alternate service of Tangible IP. Plaintiff's counsel responded on September 23, 2026, stating that Plaintiff takes no position on Zoho's motion for alternative service. This motion is therefore unopposed.

*/s/ Tecuan Flores*