# Exhibit A

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

Knossos Global Systems LLC
*Plaintiff*
v.
Zoho Corporation Pvt. Ltd.
*Defendant*

Civil Action No. 2:25-cv-00414-JRG-RSP

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Tangible IP, LLC, 17447 W Mercer Way, Mercer Island, WA, 98040-5536

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Attachment A

| Place: (SEA) Seattle Downtown<br>1700 7th Ave, Suite 2100, Seattle, WA 98101<br>(or remote) | Date and Time:<br>09/14/2026 10:00 am |
|---|---|

The deposition will be recorded by this method: Stenography and/or videography

❐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/06/2026

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

/s/ Phillip Haack
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Zoho Corporation Pvt. Ltd., who issues or requests this subpoena, are:
Phillip Haack, Marton Ribera Schumann & Chang LLP, 548 Market St., Suite 36117, S.F., CA 94104, (415) 360-2517
phaack@martonribera.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:25-cv-00414-JRG-RSP

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❐ I served the subpoena by delivering a copy to the named individual as follows: ____________
______________________________________________
______________________________ on *(date)* ____________ ; or

❐ I returned the subpoena unexecuted because: ______________________
______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

The following definitions shall apply to the matters for examination that follow:

1. The terms "you," "your," or "Tangible IP" shall mean Tangible IP, LLC, and any of its officers, directors, employees, agents, representatives, attorneys, predecessors, successors, and any person acting on its behalf or under its control.

2. The term "Sidman" shall mean the natural person, George Sidman.

3. "Plaintiff" or "Knossos," shall mean Plaintiff Knossos Global Systems, LLC, and any of its officers, directors, employees, representatives, consultants, agents, servants, employees, attorneys, accountants, or any person who served in any such roles at any time, as well as corporate parents, subsidiaries, affiliates, divisions, predecessor companies or proprietorships, predecessors-in-interest, or other persons acting on its behalf.

4. "WebLOQ" means WebLOQ, Inc.

5. "WebLOQ Product" means the LOQMail and MaiLOQ product lines, including without limitation any related business, product, service, or patented technology.

6. The term "Sidman Entities" shall mean Monterey Network Center, Privato Security, LLC, WebLOQ, Inc., Anon-X, Inc., and TrustWrx, Inc., and each of their respective officers, directors, employees, agents, representatives, predecessors, successors, and affiliates.

7. "Anon-X" shall mean Anon-X, Inc.

8. "Privato" shall mean Privato Security, LLC.

9. "Defendant" or "Zoho" shall mean Defendant Zoho Corporation Private Limited.

10. "Action" shall mean the lawsuit filed by Plaintiff against Defendant in the United States District Court for the Eastern District of Texas, Civil Case No. 2:25-cv-00414-

JRG-RSP.

11. "Patents-in-Suit" means U.S. Patent Nos. 8,819,410 (the "'410 Patent")[1] and 8,266,421 (the "'421 Patent")[2].

12. "License" shall include licenses to, sublicenses to, interests in, rights in, options to license, an agreement providing or limiting an amount of money that a party may be obligated to pay, and covenants not to sue over the subject matter of any Patent-in-Suit, or patents or applications related to any Patent-in-Suit, as well as offers or requests to grant such license.

13. "Prior Art," for purposes of these document requests, shall mean all things, patents, publications, disclosures, sales, or other acts or occurrences included within the broadest meaning of 35 U.S.C. § 102 (or any subpart thereof) and 35 U.S.C. § 103, and all things, patents, publications, disclosures, sales, or other acts or occurrences that any person or entity has identified as "prior art" or as relevant to the invalidity of the patent identified in the relevant request.

14. "Document" or "thing" shall have the same meaning and scope as in Rule 34 of the Federal Rules of Civil Procedure and shall include any written, printed, recorded, or graphic matter that is or has been in your actual or constructive possession or control, regardless of the medium on which it is produced, reproduced, or stored, including, without limitation, anything that can be classified as a "writing," "original," or "duplicate." Any document bearing marks, including, without limitation, initials, stamped indicia, comments or notations not part of the original text or photographic reproduction thereof, is a separate document.

[1] Available at https://patents.google.com/patent/US8819410B2/en.
[2] Available at https://patents.google.com/patent/US8266421B2/en.

15. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

16. The terms "any" and "all" shall be construed as "any and all."

17. The terms "each" and "every" shall be construed as "each and every."

18. The term "including" shall not be construed as limiting any request, and shall mean the same as "including, but not limited to."

19. The term "date" shall mean the exact day, month, and year, if ascertainable, or if not, the best approximation thereof.

20. The term "person" shall include, without limitation, natural persons, corporations, partnerships, business trusts, associations, and businesses or other entities, and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

21. The term "communication" shall include, without limitation, any written or oral communication, including any conversation in person, by telephone, or by any other means. A document or thing transferred, whether temporarily or permanently, from one person to another shall be deemed to be a communication between such persons whether or not such document or thing was prepared or created by the transferor or addressed to the transferee.

22. References to any natural person shall include, in addition to the natural person, any agent, employee, representative, attorney, or principal thereof.

23. References to any entity shall include, in addition to the entity, any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

24. The terms “relating to,” “related to,” “relate(s) to,” “pertaining to,” or “pertain(s) to” a given subject shall mean directly or indirectly concerning, constituting, containing, embodying, evidencing, showing, comprising, reflecting, identifying, illustrating, stating, referring to, dealing with, commenting on, responding to, describing, involving, mentioning, discussing, recording, supporting, or negating such subject.

25. The use of the term “the” shall not be construed as limiting the scope of any request.

26. The use of the singular shall also include the plural, and vice-versa.

## INSTRUCTIONS

The following instructions apply to the matters for examination set forth below:

1. Pursuant to Federal Rule of Civil Procedure 30(b)(6), Tangible IP shall designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf concerning each of the matters for examination set forth below.

2. For each matter for examination, Tangible IP must designate and prepare one or more witnesses to testify as to all information known or reasonably available to Tangible IP, and each designated witness shall testify about such information on Tangible IP’s behalf.

3. The definitions set forth above apply to the matters for examination set forth below. The identification of a matter for examination is not, and shall not be construed as, an admission or agreement concerning the relevance or admissibility of any testimony.

4. To the extent any matter for examination calls for testimony concerning trade secret or other confidential information, such testimony shall be governed by the terms of any protective order entered in the Action.

## MATTERS FOR EXAMINATION

1. Tangible IP's engagement or retention to broker, market, or sell the Patents-in-Suit, including who retained it (Anon-X, Sidman, or any other person), the scope and terms of the engagement, and the dates.

2. Tangible IP's compensation for the sale of the Patents-in-Suit, including any commission, success fee, or other consideration, and how it was calculated.

3. The marketing and sale process for the Patents-in-Suit, including the strategy and steps taken.

4. The identity of each person or entity that Tangible IP solicited, contacted, or identified as a prospective buyer or licensee of the Patents-in-Suit, and the substance of any resulting communications or offers.

5. Any evidence-of-use analysis, claim chart, target or infringer list, or identification of any product, company, or person as practicing or infringing the Patents-in-Suit that Tangible IP prepared, received, or used, including when and by whom each was prepared.

6. Any valuation, appraisal, pricing analysis, or comparable-transaction analysis of the Patents-in-Suit, and the price expectations and actual consideration for the sale to Knossos.

7. Tangible IP's due diligence concerning the Patents-in-Suit, including their validity, enforceability, and ownership, and the rights conveyed.

8. Any representation Tangible IP made to any prospective buyer or licensee concerning the strength, validity, enforceability, or infringement of the Patents-in-Suit.

9. The negotiation, terms, and closing of the sale of the Patents-in-Suit to Knossos, including any right, interest, or control retained, reserved, or granted back to Anon-X, Sidman, or any other Sidman Entity.

10. How Knossos was identified, introduced, or qualified as the buyer of the Patents-in-Suit, and Tangible IP's knowledge of Knossos's formation, ownership, and intended use or assertion of the Patents-in-Suit.

11. Communications between Tangible IP and Anon-X, Sidman, or any Sidman Entity concerning the Patents-in-Suit.

12. Any prior effort, before the sale to Knossos, to sell, license, or market the Patents-in-Suit of which Tangible IP is aware or in which it participated.

13. Tangible IP's document-retention practices and the custodians and systems where documents concerning the Patents-in-Suit are stored.

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

| | | |
|---|---|---|
| Knossos Global Systems LLC<br>*Plaintiff*<br>v.<br>Zoho Corporation Pvt. Ltd.<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2:25-cv-00414-JRG-RSP |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Tangible IP, LLC, 17447 W Mercer Way, Mercer Island, WA, 98040-5536

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: (SEA) Seattle Downtown<br>1700 7th Ave, Suite 2100, Seattle, WA 98101<br>(or as agreed) | Date and Time:<br>08/24/2026 5:00 pm |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/06/2026

*CLERK OF COURT*

OR

_____________________ /s/ Phillip J. Haack

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Zoho Corporation Pvt. Ltd., who issues or requests this subpoena, are:

Phillip Haack, Marton Ribera Schumann & Chang LLP, 548 Market St., Ste. 36117, SF, CA 94104, 415-360-2517 phaack@martonribera.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before

Civil Action No. 2:25-cv-00414-JRG-RSP

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________
__________________________________________________________________
__________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ____________________________
__________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ________________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: ____________ ________________________________________

*Server's signature*

________________________________________

*Printed name and title*

________________________________________

*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

The following definitions shall apply to the document requests that follow:

1. The terms "you," "your," or "Tangible IP" shall mean Tangible IP, LLC, and any of its officers, directors, employees, agents, representatives, attorneys, predecessors, successors, and any person acting on its behalf or under its control.

2. The term "Sidman" shall mean the natural person, George Sidman.

3. "Plaintiff" or "Knossos," shall mean Plaintiff Knossos Global Systems, LLC, and any of its officers, directors, employees, representatives, consultants, agents, servants, employees, attorneys, accountants, or any person who served in any such roles at any time, as well as corporate parents, subsidiaries, affiliates, divisions, predecessor companies or proprietorships, predecessors-in-interest, or other persons acting on its behalf.

4. "WebLOQ" means WebLOQ, Inc.

5. "WebLOQ Product" means the LOQMail and MaiLOQ product lines, including without limitation any related business, product, service, or patented technology.

6. The term "Sidman Entities" shall mean Monterey Network Center, Privato Security, LLC, WebLOQ, Inc., Anon-X, Inc., and TrustWrx, Inc., and each of their respective officers, directors, employees, agents, representatives, predecessors, successors, and affiliates.

7. "Anon-X" shall mean Anon-X, Inc.

8. "Privato" shall mean Privato Security, LLC.

9. "Defendant" or "Zoho" shall mean Defendant Zoho Corporation Private Limited.

10. "Action" shall mean the lawsuit filed by Plaintiff against Defendant in the United States District Court for the Eastern District of Texas, Civil Case No. 2:25-cv-00414-

JRG-RSP.

11. "Patents-in-Suit" means U.S. Patent Nos. 8,819,410 (the "'410 Patent")[1] and 8,266,421 (the "'421 Patent")[2].

12. "License" shall include licenses to, sublicenses to, interests in, rights in, options to license, an agreement providing or limiting an amount of money that a party may be obligated to pay, and covenants not to sue over the subject matter of any Patent-in-Suit, or patents or applications related to any Patent-in-Suit, as well as offers or requests to grant such license.

13. "Prior Art," for purposes of these document requests, shall mean all things, patents, publications, disclosures, sales, or other acts or occurrences included within the broadest meaning of 35 U.S.C. § 102 (or any subpart thereof) and 35 U.S.C. § 103, and all things, patents, publications, disclosures, sales, or other acts or occurrences that any person or entity has identified as "prior art" or as relevant to the invalidity of the patent identified in the relevant request.

14. "Document" or "thing" shall have the same meaning and scope as in Rule 34 of the Federal Rules of Civil Procedure and shall include any written, printed, recorded, or graphic matter that is or has been in your actual or constructive possession or control, regardless of the medium on which it is produced, reproduced, or stored, including, without limitation, anything that can be classified as a "writing," "original," or "duplicate." Any document bearing marks, including, without limitation, initials, stamped indicia, comments or notations not part of the original text or photographic reproduction thereof, is a separate document.

---

[1] Available at https://patents.google.com/patent/US8819410B2/en.
[2] Available at https://patents.google.com/patent/US8266421B2/en.

15. The terms “and” and “or” shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

16. The terms “any” and “all” shall be construed as “any and all.”

17. The terms “each” and “every” shall be construed as “each and every.”

18. The term “including” shall not be construed as limiting any request, and shall mean the same as “including, but not limited to.”

19. The term “date” shall mean the exact day, month, and year, if ascertainable, or if not, the best approximation thereof.

20. The term “person” shall include, without limitation, natural persons, corporations, partnerships, business trusts, associations, and businesses or other entities, and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

21. The term “communication” shall include, without limitation, any written or oral communication, including any conversation in person, by telephone, or by any other means. A document or thing transferred, whether temporarily or permanently, from one person to another shall be deemed to be a communication between such persons whether or not such document or thing was prepared or created by the transferor or addressed to the transferee.

22. References to any natural person shall include, in addition to the natural person, any agent, employee, representative, attorney, or principal thereof.

23. References to any entity shall include, in addition to the entity, any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

24. The terms "relating to," "related to," "relate(s) to," "pertaining to," or "pertain(s) to" a given subject shall mean directly or indirectly concerning, constituting, containing, embodying, evidencing, showing, comprising, reflecting, identifying, illustrating, stating, referring to, dealing with, commenting on, responding to, describing, involving, mentioning, discussing, recording, supporting, or negating such subject.

25. The use of the term "the" shall not be construed as limiting the scope of any request.

26. The use of the singular shall also include the plural, and vice-versa.

**INSTRUCTIONS**

The following instructions apply to answering the document requests below:

1. In answering the following document requests, furnish all available information in your possession, custody or control, including information in the possession, custody, or control of any of your agents, employees, representatives, attorneys, or persons under your control, who have the best knowledge, and not merely information known to you based on your own personal knowledge.

2. Electronically stored information, including any electronic records and computerized information must be produced in an intelligible format, or in a format that may be agreed to by the parties, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

3. Selection of documents from the files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

4. File folders with tabs or labels, or directories of files identifying documents, must be produced intact with such documents.

5. Documents attached to each other shall not be separated.

6. If any information requested is claimed to be privileged, immune from discovery or otherwise not discoverable, please provide all information falling within the scope of the document request which is discoverable, and for each item of information contained in a document to which a claim of privilege is made, identify such document with sufficient particularity for purposes of a motion to compel, such identification to include at least the following:

a. the basis on which the privilege is claimed;

b. the names and positions of the author of the document and all other persons participating in the preparation of the document;

c. the name and position of each individual or other person to whom the document, or a copy thereof, was sent or otherwise disclosed;

d. the date of the document;

e. a description of any accompanying material transmitted with or attached to such document;

f. the number of pages in such document;

g. the particular document request to which such document is responsive; and

h. whether any business or non-legal matter is contained or discussed in such document.

7. If your response to a particular document request is a statement that you lack the ability to comply with that document request, you must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in your possession, custody, or control, in which case the name and address of any person or entity known or believed by you to have possession, custody, or control of that information or category of information must be identified.

8. If you contend certain requests require disclosure and production of trade secret or other confidential research, development, or commercial information, that cannot otherwise be produced under the terms of a protective order entered in the Action, please state as such.

**DOCUMENT REQUESTS**

1. The engagement, retention, or brokerage agreement(s) between Tangible IP and Anon-X, Sidman, or any other person concerning the Patents-in-Suit, and any amendments.

2. Documents sufficient to show Tangible IP's compensation for the sale of the Patents-in-Suit, including any commission, success fee, or other consideration, and its calculation.

3. All marketing materials for the Patents-in-Suit, including any prospectus, teaser, presentation, evidence-of-use analysis, claim chart, or target or infringer list.

4. All documents and communications relating to the marketing, offering for sale, or solicitation of buyers or licensees for the Patents-in-Suit, including the identity of persons contacted.

5. All offers, term sheets, letters of intent, and non-disclosure agreements with prospective buyers or licensees of the Patents-in-Suit, including Knossos.

6. All valuations, appraisals, pricing analyses, and comparable-transaction analyses of the Patents-in-Suit, and documents showing price expectations and the actual consideration for the sale to Knossos.

7. All documents relating to Tangible IP's due diligence concerning the Patents-in-Suit, including their validity, enforceability, ownership, and the rights conveyed.

8. All documents relating to any representation made to a prospective buyer or licensee concerning the strength, validity, enforceability, or infringement of the Patents-in-Suit.

9. All documents relating to the negotiation, terms, and closing of the sale of the Patents-in-Suit to Knossos, including any right, interest, or control retained, reserved, or granted back to Anon-X, Sidman, or any other Sidman Entity.

10. All documents relating to Knossos's identification, introduction, or qualification as buyer, and to Tangible IP's knowledge of Knossos's formation, ownership, and intended use or assertion of the Patents-in-Suit.

11. All communications between Tangible IP and Anon-X, Sidman, or any Sidman Entity concerning the Patents-in-Suit.

12. All documents relating to any prior effort to sell, license, or market the Patents-in-Suit before the sale to Knossos.

13. All documents that identify any product, company, or person as practicing or infringing the Patents-in-Suit, including any such documents relating to Zoho or this Action.

14. Document-retention policies and documents sufficient to identify custodians and storage systems.