Hon. Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>Plaintiff,<br><br>v.<br><br>TANGIBLE IP,<br><br>Defendant. | Case No. 2:26-mc-0047-JNW<br><br>Pending in: The United States District Court for the Eastern District of Texas – No. 4:25-cv-00230.<br><br>**TANGIBLE IP'S AND WAPP'S RESPONSE TO APPLE INC.'S MOTION TO COMPEL TANGIBLE IP TO COMPLY WITH SUBPOENA** |



SUSMAN GODFREY L.L.P.
401 Union St, Suite 3000
Seattle, WA 98101-3000 |Tel: (206) 516-3880

TABLE OF CONTENTS


I. INTRODUCTION ....... 1

II. BACKGROUND ....... 2

A. Wapp's Relationship With Tangible IP ....... 2

B. Wapp Has Provided Extensive Discovery Regarding Tangible IP ....... 2

C. Apple Itself Has Provided Extensive Discovery Regarding Tangible IP ....... 3

D. Tangible IP Has No Documents and Very Little Present Recollection ....... 3

III. LEGAL STANDARD ....... 4

IV. ARGUMENT ....... 5

A. Apple Seeks Discovery That Is Unreasonably Cumulative of Party Discovery ....... 5

1. Apple Has Ample Discovery About It Being on Notice of Infringement ....... 5

2. Apple Has Ample Discovery on Tangible IP's Inclusion of the $15-25M Figure in Documentation Provided to Apple ....... 6

3. Apple Has Ample Discovery on Tangible IP's Document Retention ....... 6

B. Deposing Tangible IP Would Be A Fishing Expedition ....... 7

C. Deposing Tangible IP Would Be Unduly Burdensome ....... 8

D. Apple's Reliance on *Rainwater* is Misplaced ....... 9

E. Apple's Amended Subpoena Is Facially Deficient ....... 10

F. If The Court Orders a Deposition, It Should Be Significantly Limited ....... 11

V. CONCLUSION ....... 11




SUSMAN GODFREY L.L.P.
401 Union St, Suite 3000
Seattle, WA 98101-3000 |Tel: (206) 516-3880

# TABLE OF AUTHORITIES

## Cases

*Allani v. Apple Inc.*
No. 25-mc-80370-VKD, 2026 U.S. Dist. LEXIS 231 (N.D. Cal. Jan. 2, 2026) .................. 8, 9

*Availink, Inc. v. Tex. Instruments, Inc.*,
No. 25-mc-80119-EKL (PHK), 2025 U.S. Dist. LEXIS 107440 (N.D. Cal. June 5, 2025) .................. 4

*Green v. Baca*,
226 F.R.D. 624 (C.D. Cal. 2005) .................. 4

*In re Rainwater*
No. 1:18-MC-10051-EJL, 2018 U.S. Dist. LEXIS 75949 (D. Id. May 4, 2018) .................. 9, 10

*Lemberg Law LLC v. Hussin*,
No. 16-mc-80066-JCS, 2016 U.S. Dist. LEXIS 76772 (N.D. Cal. June 13, 2016) .................. 4

*Monge v. Maya Magazines, Inc.*,
No. 2:10-cv-00230-RCJ-PAL, 2010 U.S. Dist. LEXIS 81723 (D. Nev. 2010) .................. 11

*Negotiated Data Sols. LLC v. Dell, Inc.*,
2009 U.S. Dist. LEXIS 25026 (N.D. Cal. Mar. 17, 2009) .................. 7

*Plintron Techs. USA, LLC v. RedPocket, Inc.*,
No. 2:25-mc-00084-JFW-JC, 2025 U.S. Dist. LEXIS 232006 (C.D. Cal. Nov. 24, 2025) .................. 4, 7

*Silcox v. AN/PF Acquisitions Corp.*,
Case No. C17-1131 RSM, 2018 U.S. Dist. LEXIS 53536 (W.D. Wash. Mar. 29, 2018) .................. 4

## Rules

Fed. R. Civ. P. 26(b)(2)(C) .................. 11

Fed. R. Civ. P. 26(b)(2)(C)(i) .................. 7

Fed. R. Civ. P. 26(b)(2)(C)(i)-(ii) .................. 5, 6

Fed. R. Civ. P. 30(b)(6) .................. 2, 10

Fed. R. Civ. P. 45(d)(3)(A)(iv) .................. 4, 11

## I. INTRODUCTION

Apple's motion arises in the context of a patent infringement lawsuit brought by patent owner, Wapp Tech Corp. and Wapp Tech Limited Partnership (collectively, "Wapp"), against Apple for its infringement of Wapp's asserted patents.

Twelve years ago, Wapp hired Tangible IP to assist in potentially selling or licensing Wapp's patent portfolio. None of the asserted patents in the underlying case against Apple had issued at the time. Tangible IP contacted Apple in 2014 as part of this process. Tangible IP's representation of Wapp was short—less than five months. Nothing came out of Tangible IP's contact with Apple. No sale. No license.

Throughout the many months of fact discovery in the underlying patent case, which closed on July 31, Wapp and Apple (the parties to the lawsuit) collectively generated and/or produced voluminous information, including: (i) seven interrogatory responses describing Tangible IP's activities; (ii) over 50 pages of deposition testimony relating to Tangible IP from Wapp's principal Mr. Donavan Poulin and former officer Mr. John Lowe; (iii) 51 emails showing communications between Tangible IP, Apple, and Wapp, including attachments to those emails; (iv) 10 detailed memoranda describing Wapp's patent portfolio; (v) multiple claim charts supplied by Tangible IP showing Apple's infringement of Wapp's early patents; (v) the Brokerage Agreement between Wapp and Tangible IP; and (vi) a non-disclosure agreement. But somehow, that is not enough for Apple. Instead, Apple now seeks a wasteful and cumulative deposition of non-party Tangible IP.

Wapp made Apple aware of Tangible IP on December 5, 2025. Apple added Tangible IP to its Initial Disclosures in April 2026. Despite this, Apple sat for months until hours before the close of fact discovery to move to compel Tangible IP's deposition. Apple now labels Mr. Carbonneau (the principal of Tangible IP) as an "integral" part of the underlying case and argues that his deposition would be relevant to a host of issues. This is wrong.

The Ninth Circuit has long held that non-parties, like Tangible IP, deserve extra protection from discovery. The Federal Rules further elaborate on the protection, barring discovery that is duplicative or cumulative of party discovery, or unduly burdensome. The Court should deny


SUSMAN GODFREY L.L.P.
401 Union St, Suite 3000
Seattle, WA 98101-3000 |Tel: (206) 516-3880

Case 2:26-mc-00047-JNW Document 1-4 Filed 08/17/26 Page 5 of 15

Apple's Motion to Compel because it seeks information that is: (1) cumulative of the extensive record already developed in the underlying case; (2) a classic example of a fishing expedition; (3) unduly burdensome because Mr. Carbonneau has very little present recollection about details that occurred 12 years ago; and (4) facially deficient under Rule 30(b)(6) given Apple's failure to include topics to examine Tangible IP in its Amended Subpoena.

## II. BACKGROUND

### A. Wapp's Relationship With Tangible IP

Wapp's relationship with Tangible IP lasted less than five months, 12 years ago. In March 2014, Wapp engaged Tangible IP to act as an intermediary to find prospects interested in purchasing or licensing Wapp's patent portfolio. One prospect was Apple. In April 2014, Apple sent an email to Tangible IP that referenced Apple's "understanding" of a potential price for the portfolio between $15-25M. Upon learning about this email and those figures, Wapp (through Mr. Poulin) shut down any further communications with Apple at the time because those numbers were far too low. Several months later, in July and August of 2014, Tangible IP again contacted Apple. No license or sale resulted from Tangible IP's communications with Apple. Wapp and Tangible IP ended their relationship in September 2014. None of this is disputed.

### B. Wapp Has Provided Extensive Discovery Regarding Tangible IP

Apple has been in possession of extensive discovery regarding Tangible IP for months. On December 5, 2025, Wapp produced the Brokerage Agreement between Wapp and Tangible IP. That same day, Wapp produced six detailed interrogatory responses from prior cases describing Tangible IP's efforts to sell or license Wapp's patent portfolio, and multiple pages of testimony from Wapp's former officer (Mr. John Lowe) outlining Wapp's relationship with Tangible IP.

On April 24, 2026, in an interrogatory response, Wapp provided further details about Tangible IP's efforts to sell or license Wapp's patent portfolio. This interrogatory response was then supplemented to clarify that Wapp (through Mr. Poulin) instructed Mr. Carbonneau to cancel the patent auction process because Wapp believed its patent portfolio was worth far more than $15-


SUSMAN GODFREY L.L.P.
401 Union St, Suite 3000
Seattle, WA 98101-3000 |Tel: (206) 516-3880

25 million. Wapp's interrogatory responses made clear that Mr. Poulin and Mr. Lowe were individuals with knowledge responsive to Apple's interrogatory.

Last month, Apple deposed Wapp's corporate representative and the named inventor (Mr. Poulin) over two and a half days. Apple questioned him extensively about Wapp's relationship with Mr. Carbonneau and Tangible IP, and Wapp's outreach to Apple. Apple obtained over 46 pages of sworn testimony from Mr. Poulin regarding Tangible IP.

**C. Apple Itself Has Provided Extensive Discovery Regarding Tangible IP**

Apple, as the other party involved in the discussions with Tangible IP, also produced extensive discovery, including 62 documents covering Tangible IP's communications with Apple: 51 emails, 10 summary memoranda, and one non-disclosure agreement. Apple also produced multiple claim charts that Tangible IP sent to Apple showing infringement of Wapp's patent portfolio at the time.

Apple's production reveals the details about Tangible IP's outreach to Apple. For example, in 2014, Wapp and Tangible IP made a virtual data room available for Apple's in-house counsel to review. This virtual data room contained claim charts, a historical background of the patent portfolio, and file wrappers to allow Apple to assess Wapp's patent portfolio. Mr. Poulin also testified extensively about this virtual data room. In sum, Apple's production reveals many communications between Tangible IP and Apple that provide numerous details about what happened between March and September in 2014.

**D. Tangible IP Has No Documents and Very Little Present Recollection**

Tangible IP has no documents covering its 2014 dealings with Wapp or Apple. Ex. 14 (Dkt. 1-2) at 2. Tangible IP's document retention policy provides that documents will be deleted after two years from their creation for all closed matters. *Id.* at 1. Since the relationship with Wapp ended in September 2014, all documents were deleted pursuant to that policy. *Id.* at 2.

Mr. Carbonneau has very little present recollection of his interactions with Wapp or Apple in 2014—which is understandable. Since its founding in 2012, Tangible IP has been involved in the sale of over 5,000 patents. Expecting anyone to recall the specifics of a five-month engagement


SUSMAN GODFREY L.L.P.
401 Union St, Suite 3000
Seattle, WA 98101-3000 |Tel: (206) 516-3880

from 12 years ago for one client that at the time owned several patents is simply unreasonable, especially given the number of patents that Tangible IP has sold over the years.

## III. LEGAL STANDARD

Throughout its motion, Apple attempts to equate the standard for non-party discovery under Rule 45 with that of party discovery. The two are not the same.

Contrary to Apple's attempt to treat this as run-of-the-mill party dispute, "[t]he Ninth Circuit has long held that nonparties subject to discovery requests deserve ***extra protection*** from the courts." *Lemberg Law LLC v. Hussin*, No. 16-mc-80066-JCS, 2016 U.S. Dist. LEXIS 76772, at *15 (N.D. Cal. June 13, 2016) (emphasis added). "The party issuing the subpoena must demonstrate […] that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Green v. Baca,* 226 F.R.D. 624, 654 (C.D. Cal. 2005). Further, Rule 45 ***requires*** quashing a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). And "[c]ourts are particularly reluctant to require a non-party to provide discovery that can be produced by a party." *Plintron Techs. USA, LLC v. RedPocket, Inc.*, No. 2:25-mc-00084-JFW-JC, 2025 U.S. Dist. LEXIS 232006, at *10 (C.D. Cal. Nov. 24, 2025). "Accordingly, a court may prohibit a party from obtaining discovery from a non-party if that same information is available from another party to the litigation." *Id.* at *10-11 (cleaned up). Finally, "[u]nder Rule 30(b)(6), a deposition subpoena directed to an organization 'must describe with reasonable particularity the matters for examination.'" *Availink, Inc. v. Tex. Instruments, Inc.,* No. 25-mc-80119-EKL (PHK), 2025 U.S. Dist. LEXIS 107440, at *6 (N.D. Cal. June 5, 2025).

In addition to these protections, "[t]hird-party subpoenas issued pursuant to Rule 45 are still subject to the limitations of Rule 26." *Silcox v. AN/PF Acquisitions Corp.*, Case No. C17-1131 RSM, 2018 U.S. Dist. LEXIS 53536, at *6 (W.D. Wash. Mar. 29, 2018). Rule 26 requires a court to "limit the frequency or extent of discovery… if it determines that… the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," or if "the party seeking discovery has had ample



SUSMAN GODFREY L.L.P.
401 Union St, Suite 3000
Seattle, WA 98101-3000 |Tel: (206) 516-3880

opportunity to obtain the information by discovery in the action…." Fed. R. Civ. P. 26(b)(2)(C)(i)-(ii).

## IV. ARGUMENT

### A. Apple Seeks Discovery That Is Unreasonably Cumulative of Party Discovery

Apple argues that the information sought from Tangible IP is relevant to: (i) Wapp placing Apple on notice of infringement of its patents; (ii) Wapp's alleged dispute that Tangible IP "represented that the Wapp Portfolio was available for purchase for $15-25M"; and (iii) "Tangible's understanding of its obligations and its efforts to preserve relevant documents in its possession." Mot. at 6-7. The Court should deny Apple's motion because these issues are well-developed in the underlying case or simply irrelevant. *See* Fed. R. Civ. P. 26(b)(2)(C)(i)-(ii).

#### 1. Apple Has Ample Discovery About It Being on Notice of Infringement

Apple argues that the deposition of Tangible IP would be relevant to Wapp's notice of infringement to Apple in 2014. Mot. at 6. But Apple's own motion acknowledges that "[f]rom 2011-2014, brokers hired by and acting on behalf of Wapp contacted Apple, attempting to sell Wapp's patent portfolio." Mot. at 1.

The record is well developed as to Wapp's notice of infringement to Apple based on these admitted prior contacts with Apple. For example, Apple produced extensive documentation, including email discovery, confirming Tangible IP's outreach to Apple. In an email from Tangible IP's Louis Carbonneau to Apple's Danise Kerstein and Ed Scott, Mr. Carbonneau explained he was offering Wapp's portfolio for sale. The email attached an "Executive Summary" that listed Wapp's patents and patent applications at the time. In addition, the emails describe how Wapp made available the virtual data room that included claim charts that Apple produced in this case. Given that these conversations took place 12 years ago, Tangible IP has nothing else to add here. To the extent Apple had additional questions about Wapp's notices of infringement to Apple, Apple should have asked its own former employees, or Wapp, not non-party Tangible IP. *See* Fed. R. Civ. P. 26(b)(2)(C)(i)-(ii).



SUSMAN GODFREY L.L.P.
401 Union St, Suite 3000
Seattle, WA 98101-3000 |Tel: (206) 516-3880

**2. Apple Has Ample Discovery on Tangible IP's Inclusion of the $15-25M Figure in Documentation Provided to Apple**

Apple argues that the deposition of Tangible IP would be relevant to an alleged "factual dispute[] between the parties" on whether "Tangible IP… represented that the Wapp Portfolio was available for purchase for $15-25M." Mot. at 7. But there is no "factual dispute." Wapp does not dispute that the $15-25M figure appears in a document sent by Tangible IP to Apple.

After questioning Mr. Poulin extensively about the $15-25M figure and what happened when Mr. Poulin learned of that figure, Apple now hopes to get another bite at discovery to explore "why" the $15-25M figure was included in materials sent by Mr. Carbonneau. Mot. at 7. This is yet another fishing expedition, especially given Mr. Carbonneau's lack of recollection. Nor does Apple explain how understanding "why" would be relevant to anything in the case, especially when Wapp is not disputing the fact that the $15-25M figure appears in a document. Again, if Apple had additional questions about the $15-25M figure, Apple should have asked Wapp, not non-party Tangible IP. *See* Fed. R. Civ. P. 26(b)(2)(C)(i)-(ii).

**3. Apple Has Ample Discovery on Tangible IP's Document Retention**

Apple argues that the deposition of Tangible IP would be relevant to "Tangible's understanding of its obligations and its efforts to preserve relevant documents in its possession" and the "circumstances" of the destruction or efforts to preserve the documents. Mot. at 7-8. However, Apple does not explain what "circumstances" remain to be discovered. As stated in Tangible IP's objections and responses, "Tangible IP's document retention policy provides that documents will be deleted after two years from their creation for all closed matters…." Ex. 14 at 1. Tangible IP's engagement with Wapp ceased in September 2014. As such, no documents exist in 2026.

In addition, to the extent Apple has additional questions on whether Wapp should have required Tangible IP to keep any documents, Apple should have asked Wapp, not nonparty Tangible IP. In any event, this topic does not appear in any of Apple's subpoenas to Tangible IP.



SUSMAN GODFREY L.L.P.
401 Union St, Suite 3000
Seattle, WA 98101-3000 |Tel: (206) 516-3880

*   *   *

In sum, the factual record in the underlying case, as it exists, gives Apple everything it needs to explore Wapp's notice of infringement to Apple, Tangible IP's inclusion of the $15-25M figure, and Tangible IP's document retention policy. Deposing Tangible IP would be exactly the sort of cumulative discovery unnecessarily burdening a non-party that Rules 45 and 26 prohibit. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) ("the court must limit the frequency or extent of discovery… if it determines that… the discovery sought is unreasonably cumulative or duplicative…." or "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action…."); *Plintron Techs.*, 2025 U.S. Dist. LEXIS 232006, at *10 ("Courts are particularly reluctant to require a non-party to provide discovery that can be produced by a party. Accordingly, a court may prohibit a party from obtaining discovery from a non-party if that same information is available from another party to the litigation." (cleaned up)).

**B. Deposing Tangible IP Would Be A Fishing Expedition**

Apple argues that a deposition would be necessary to explore "Tangible['s] advertised pricing of the portfolio… [to] potential purchase[rs]." Mot. at 7. To explain why it did not get this information from Wapp, Apple argues that "Mr. Poulin was not personally involved in Tangible's outreach" and thus he was not "privy to [such] information…." *Id.* at 7. In other words, Apple argues that Tangible IP offered to sell Wapp's patents but never told Wapp about it. Apple's argument is nonsensical—nothing in the record supports Apple's argument. It is simply speculation from Apple.

Moreover, Apple fails to point to a single document that shows that Tangible IP reached out to other potential purchasers with a specific price. This is yet more speculation. The Court should not grant a deposition of Tangible IP merely to see if 12 years ago it may have reached out to others with specific pricing. *See, e.g.*, *Negotiated Data Sols. LLC v. Dell, Inc.*, 2009 U.S. Dist. LEXIS 25026, at *11 (N.D. Cal. Mar. 17, 2009) (quashing subpoena that sought deposition "merely to confirm what kinds of documents NVIDIA has or whether there is anything else to be produced.").



SUSMAN GODFREY L.L.P.
401 Union St, Suite 3000
Seattle, WA 98101-3000 |Tel: (206) 516-3880

### C. Deposing Tangible IP Would Be Unduly Burdensome

Mr. Carbonneau has very little present recollection about the details behind Tangible IP's outreach to Apple or any other "potential purchase[rs]" that occurred 12 years ago. Mot. at 7. While Apple argues that it is "entitled to explore the limits of his recollection, including by showing him documents which may refresh his recollection" (Mot. at 9), such an approach would be unduly burdensome and duplicative of what is already written in the documents. Mr. Carbonneau is a very busy individual who has no time to devote to situations where he remembers very little. Furthermore, such an approach would not work in the case of Tangible IP's outreach to other entities where there are no documents that speak to such activities.

The court's reasoning in *Allani v. Apple Inc. (In re Ferid Allani's Subpoena to Herz)* illustrates the point. No. 25-mc-80370-VKD, 2026 U.S. Dist. LEXIS 231 (N.D. Cal. Jan. 2, 2026). There, plaintiff Mr. Allani sought to depose Mr. Herz, a former employee of Apple who worked on the user interface software for Apple's iPhone from 1999 through 2009. *Id.* at *2. Mr. Allani alleged that Mr. Hetz's deposition testimony would be relevant to several *Georgia-Pacific* factors given that Mr. Herz's deposition would establish Apple's use of the accused features before and after issuance of the patents-in-suit. *Id.* at *8-9. Even if the information was somehow relevant, the court held there was "no justification" to proceed with the deposition where Mr. Herz had no present recollection, and Mr. Allani could have gotten the information from Apple:

> The Court agrees with Mr. Herz that requiring him to submit to a deposition, even on subjects that may be relevant, is ***unduly burdensome*** in the circumstances presented. Not only is Mr. Herz a former employee who claims to have ***no present recollection of the matters about which Mr. Allani seeks testimony***, but there has been no showing that Mr. Herz has or had unique information that cannot be obtained directly from Apple. Certainly, Apple can, from its own records, provide information (if relevant) about the design and operation of early versions of the iPhone user interface…. While it is possible that Mr. Allani could, with time and effort on his part and Mr. Herz's, refresh Mr. Herz's recollection about some matters during a deposition, ***the information Mr. Allani seeks can be obtained with much greater efficiency by means of a Rule 30(b)(6) deposition or other discovery from Apple***.

*Id.* at *12-13 (emphases added).



SUSMAN GODFREY L.L.P.
401 Union St, Suite 3000
Seattle, WA 98101-3000 |Tel: (206) 516-3880

Similar to *Allani v. Apple,* Mr. Carbonneau has very little present recollection about his 2014 discussions with Apple. But even if he possesses relevant information and Apple may refresh his recollection, the Court should find that the deposition would be unduly burdensome because the record is well-developed, and to the extent there are any missing parts, Apple should have sought the information through Wapp, not Tangible IP.

**D. Apple's Reliance on *Rainwater* is Misplaced**

Apple leans heavily on *In re Rainwater* (Mot. at 8-10), but the case cuts against Apple on every relevant point. First, in *Rainwater* the court noted that "it cannot be said that Mr. Rainwater's deposition amounts to an idle exercise" given his direct involvement in the very conduct that led to the lawsuit. No. 1:18-MC-10051-EJL, 2018 U.S. Dist. LEXIS 75949, at *6 (D. Id. May 4, 2018). Conversely, Apple's deposition of Tangible IP would be an idle exercise given that the issues are cumulative of party discovery and Mr. Carbonneau has very little present recollection. Furthermore, what led to the underlying case is Apple's infringement of Wapp's patents, not Tangible IP's outreach to Apple in 2014.

Second, the court found that the burden was not "undue" because defendants were "willing to conduct Mr. Rainwater's deposition in Idaho and, keeping in mind his work schedule, conduct the deposition at a time that is convenient to him." *Id.* at *7. Due to personal and professional reasons, Mr. Carbonneau travels often between the United States and Canada. Apple's offer for an in-person deposition for 3.5 hours is far from convenient. Furthermore, as stated above, in *Allani,* the court found the burden to be "undue" where the deponent had no present recollection, and plaintiff could have gotten the discovery from defendants. 2026 U.S. Dist. LEXIS 231 at *12-13. The facts here are much closer to *Allani* than *Rainwater.*

Third, the court found that Mr. Rainwater was "an integral employee" of a plaintiff in the case. 2018 U.S. Dist. LEXIS 75949, at *8. Apple stretches that label to Mr. Carbonneau because he allegedly "was the primary link between the parties during a period which is relevant to both parties' claims and defenses." Mot. at 10. Apple is wrong. Mr. Carbonneau's relationship with Wapp spanned four to five months, at best. Mr. Carbonneau simply reached out to Apple to


SUSMAN GODFREY L.L.P.
401 Union St, Suite 3000
Seattle, WA 98101-3000 |Tel: (206) 516-3880

determine if Apple would be interested in purchasing or licensing Wapp's patent portfolio. None of this makes him an "integral" part of the underlying action. If he was such an "integral" part of the underlying action, Apple could have sought his deposition in December 2025, when Wapp produced its agreement with Tangible IP, or at least in April 2025, when Apple first identified Mr. Carbonneau in its Initial Disclosures as persons "Apple currently believes may have relevant knowledge." Instead, Apple waited until six weeks before the close of fact discovery to seek Mr. Carbonneau's deposition.

The reality is that the underlying case is about Apple's infringement of five asserted patents that had not even issued at the time Tangible IP was representing Wapp. And to the extent anything relating to Tangible IP's representation of Wapp is relevant, the record about that representation is extensive, both in terms of documents produced and written discovery, as well as deposition testimony.

Finally, the *Rainwater* court was troubled that plaintiff's discovery "le[ft] many unanswered questions with respect to the background facts" and that it had not identified individuals with personal knowledge of the facts underlying its allegations, including "topics on which Defendants seek to question Mr. Rainwater." *In re Rainwater,* 2018 U.S. Dist. LEXIS 75949, at *9. Unlike *Rainwater,* Wapp has provided numerous interrogatory responses explaining Tangible IP's role and activities, and designated Mr. Poulin to testify on behalf of Wapp on the same topics on which Apple now seeks to depose Tangible IP.

*Rainwater* does not support Apple's position. It undermines it.

**E. Apple's Amended Subpoena Is Facially Deficient**

Apple's proposed order requests that the Court order "Tangible IP to comply with Apple Inc.'s June 12, 2026 Subpoena to Testify at a Deposition, ***as amended on July 24, 2026***." Dkt. 1-3 (emphasis added). Federal Rule of Civil Procedure 30(b)(6), which governs "Notice[s] or Subpoenas Directed to an Organization," provides: "[i]n its notice or subpoena, a party… ***must*** describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6) (emphasis added).



SUSMAN GODFREY L.L.P.
401 Union St, Suite 3000
Seattle, WA 98101-3000 |Tel: (206) 516-3880

Apple's July 24, 2026, Amended Subpoena (the "Amended Subpoena") is directed to Tangible IP—an organization—and thus governed under Rule 30(b)(6). Ex. A (Apple's July 24 Amended Subpoena) at 1. Yet the Amended Subpoena failed to include any Topics for examination, *i.e.*, "matters for examination." Ex. A. Wapp made Apple aware of this in its objections served by the date of compliance on July 31, 2026. Ex. 14 at 2. Given Apple's failure to include Topics, the Court should not enforce Apple's subpoena. *See, e.g., Monge v. Maya Magazines, Inc.,* No. 2:10-cv-00230-RCJ-PAL, 2010 U.S. Dist. LEXIS 81723, at *11 (D. Nev. July 2, 2010) (quashing subpoena for failing to "meet the reasonable particularity standard of Rule 30(b)(6).").

### F. If The Court Orders a Deposition, It Should Be Significantly Limited

The Court should deny Apple's Motion to Compel for the reasons stated. However, if the Court is inclined to grant Apple's motion, it should be significantly limited. Fed. R. Civ. P. 26(b)(2)(C) ("On motion or on its own***, the court must limit*** the frequency or extent of discovery…." (emphasis added)); Fed. R. Civ. P. 45(d)(3)(A)(iv) ("the court for the district where compliance is required must quash or ***modify*** a subpoena that…." (emphasis added)).

*First*, the Court should limit the deposition to the topics Apple specifically asserted in its motion as grounds for justifying burdening non-party Tangible IP: (1) Wapp placing Apple on notice of infringement of its patents; (2) Wapp's alleged dispute that Tangible IP "represented that the Wapp Portfolio was available for purchase for $15-25M;" (3) Tangible IP's document retention policy; and (4) Tangible's advertised pricing of the portfolio to potential purchasers. Mot. 6-8. *Second*, considering Apple is seeking the deposition of a third-party with very limited recall of the at-issue events, the deposition should be limited to one hour, and consistent with the subpoena's place of compliance, it should be conducted virtually, *i.e.*, "via Zoom." Ex. A at 1.

## V. CONCLUSION

For the foregoing reasons, the Court should deny Apple's motion to compel in full. At minimum, if the Court finds any deposition is warranted, it should be limited to one hour, should be conducted virtually, and should be limited to the subjects of Apple's motion.



SUSMAN GODFREY L.L.P.
401 Union St, Suite 3000
Seattle, WA 98101-3000 |Tel: (206) 516-3880

Dated: August 17, 2026

I certify that this memorandum contains 3,971 words, in compliance with the Local Civil Rules.

Respectfully submitted,

By: /s/ Alexander W. Aiken

Alexander W. Aiken (WSBA No. 55988)
SUSMAN GODFREY, L.L.P.
401 Union St., Suite 3000
Seattle, Washington 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
aaiken@susmangodfrey.com

*Attorney for Tangible IP, Wapp Tech Corp., and Wapp Tech Ltd. Partnership*

Blaine A. Larson
Texas State Bar No. 24083360
blarson@hpcllp.com
Carlos I. Ruiz
Texas State Bar No. 24110614
cruiz@hpcllp.com
HEIM PAYNE & CHORUSH, LLP
609 Main St., Suite 3200
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

*Attorneys for Wapp Tech Corp., and Wapp Tech Ltd. Partnership*