**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

KNOSSOS GLOBAL SYSTEMS LLC,

Plaintiff,

v.

ZOHO CORPORATION PRIVATE LIMITED,

Defendant.

Civil Action No. 2:25-cv-00414-JRG-RSP

**DEFENDANT ZOHO CORPORATION PRIVATE LIMITED'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF S/MIME DOCUMENTS AND DATA**

## I. INTRODUCTION

In its infringement contentions, Plaintiff Knossos Global Systems, LLC identified and accused of infringement one encryption feature of Zoho Mail: PGP. Every encryption limitation in the charts is mapped to PGP and supported by screenshots of Zoho's PGP help page and citations to the public standard defining PGP. The word "S/MIME" appears nowhere. A year later, after claim construction briefing and argument, Knossos asks the Court to find that S/MIME, a separate encryption feature, "falls within the infringement theory already disclosed." Dkt. 55 ("Mot.") at 4; *see also* Dkt. 55-3 (Proposed Order) at 1 (same language).

The motion is, in essence, a request that the Court amend Knossos's contentions, late in the case, without requiring the good cause required by the Local Patent Rules. Knossos's offer to "supplement" its contentions admits as much. Mot. at 3 and n.2. Knossos had every reason and every means to identify S/MIME as a feature where an "element of each asserted claim is found within each Accused Instrumentality." P.R. 3-1(c). Knossos's predecessor charted S/MIME before suit. Knossos has had access to Zoho's source code since November 2025, and first reviewed it in February 2026. By its own admission, that code included the S/MIME functionality. Finally, the motion fails the test that Knossos's own authority applies to seeking discovery beyond the contentions, because it offers only attorney argument that the two features are "substantially the same." The Court should deny Knossos's motion.

## II. FACTUAL BACKGROUND

### A. <u>Knossos's Contentions Do Not Include S/MIME.</u>

Knossos served its P.R. 3-1 disclosures on September 16, 2025. Dkt. 55-1. For each encryption limitation, the charts state that "Zoho Mail utilizes PGP encryption for securing emails," then describe how "PGP employs a symmetric key encryption algorithm to encrypt the email content, and then the symmetric key is encrypted using the recipient's public key." Dkt.

55-2 at 1–3. The supporting screenshots come from Zoho's PGP help page, and the charts also rely on the IETF OpenPGP standard. Declaration of Phillip J. Haack ("Haack Decl.") ¶ 3. The charts cite neither Zoho's S/MIME documentation nor the S/MIME standard, and Knossos has never amended them. *Id.* Knossos knew or should have known of S/MIME long ago. The patents' prior owner, Anon-X, identified S/MIME as an infringing method of encryption in licensing demands made as far back as 2021. Haack Decl. ¶ 1. Zoho responded in October 2021, explaining why Zoho Mail does not infringe. Haack Decl. ¶ 2. After acquiring the patents from Anon-X, Knossos sued on a different theory. Its contentions accuse PGP, a feature Anon-X's demands never addressed, and neither its complaint nor its contentions mention S/MIME. Dkt. 1; Dkt. 55-1; Haack Decl. ¶ 3. Zoho had every reason to understand that the S/MIME theory was not part of this case. Knossos now seeks to add it, not by moving to amend, but by asking the Court to compel production of S/MIME information and to declare S/MIME within its "already disclosed" theory. Mot. at 4; Dkt. 55-3 at 1.

**B. <u>Knossos Has Not Been Diligent.</u>**

Claim construction briefing and argument are complete. Zoho made the Zoho Mail source code available for inspection in November 2025, and Knossos first reviewed it in February 2026. Haack Decl. ¶ 4; Mot. at 3. Knossos first asked for S/MIME data on August 25, 2026, eleven months after serving its contentions, seeking the "[n]umber of subscribers/users/orgs that use S/MIME encryption." Haack Decl. ¶ 6, Ex. 1. Two days later, Zoho objected in writing that S/MIME is not "identified in Knossos's infringement contentions" and invited Knossos to "identify the basis for that position." Haack Decl. ¶ 7, Ex. 2. After the filing of the motion, Zoho informed Knossos that Zoho does not track S/MIME usage, so this information is not available. Haack Decl. ¶ 8.

### C. <u>PGP and S/MIME Are Separate, Alternative Features.</u>

Zoho Mail offers two optional ways to encrypt message content: PGP and S/MIME. They are configured separately, and work differently in the product; a user would typically use one or the other. Zoho documents them on separate help pages, and the Zoho help page cited in Knossos's infringement contentions shows S/MIME in the same help menu as PGP. *See* Haack Decl. ¶ 9.




## III. LEGAL STANDARD

P.R. 3-1 requires a patentee to chart "specifically where each element of each asserted claim is found within each Accused Instrumentality," P.R. 3-1(c), so that the case proceeds on specific, crystallized theories. *Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 527–28 (E.D. Tex. 2005). "Before bringing suit, plaintiffs are expected to rigorously analyze all publicly available information, and early in the case plaintiffs must explain their infringement theories in detail." *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815, 817 (E.D. Tex. 2006).

While discovery is not rigidly confined to the charts, a party seeking discovery of uncharted subject matter must demonstrate that its contentions "provide notice of a specific theory of infringement" and that the uncharted subject matter operates "in a manner reasonably similar to that theory." *Saxon Innovations, LLC v. Nokia Corp.*, No. 6:07-cv-490, 2009 WL 10676646, at *2 (E.D. Tex. Nov. 9, 2009) (citing *Honeywell Int'l Inc. v. Acer Am. Corp.*, 655 F. Supp. 2d 650, 656–58 (E.D. Tex. 2009)). A party that wishes to add a theory must seek leave and show good cause, of which diligence is the threshold requirement. P.R. 3-6(b); *O2 Micro Int'l*

*Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006)*; Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035, 1037 (Fed. Cir. 2015).

## IV. ARGUMENT

### A. The Motion Is an Untimely Amendment in Disguise.

Knossos is not merely asking the Court to order Zoho to produce S/MIME usage data (which it does not have). It asks the Court to find that S/MIME "performs substantially the same encryption operations as PGP" and "falls within the infringement theory already disclosed." Dkt. 55-3 (Proposed Order) at 1. In other words, it asks the Court to add a new accused feature to the case by order. Knossos's offer to "expressly . . . chart" S/MIME confirms that S/MIME is not charted today. Mot. at 3 & n.2. Contentions may be amended only by leave and for good cause (other than as permitted by P.R. 3-6(a)). P.R. 3-6(b). Knossos's complaint that it can neither obtain discovery nor amend simply describes that rule at work. Mot. at 3.

Knossos cannot show good cause, because it was not diligent. First, the S/MIME information was exactly as available as the PGP information Knossos actually charted. Zoho documents S/MIME on a help page parallel to the PGP page repeatedly cited in the infringement contentions and lists S/MIME in the same help menu as PGP, as shown above. Haack Decl. ¶ 9. And like the PGP standards, S/MIME is documented in a public standard available from the same organization from which Knossos found the PGP documentation, the IETF. A patentee must chart what public information reveals. *Orion*, 407 F. Supp. 2d at 817; *see also Keranos*, 797 F.3d at 1036–38; *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-cv-00693-JRG-RSP, 2017 WL 3007464, at *1 (E.D. Tex. July 14, 2017) ("Plaintiffs are expected to rigorously analyze all publicly available information before bringing suit and must explain with great detail their theories of infringement.") (quoting *Connectel*, 391 F. Supp. 2d at 528). And S/MIME was no secret to Knossos's side of the case: its predecessor-in-interest identified the exact feature before

suit. Haack Decl. ¶¶ 1–2. That is, the patentee alleged that Zoho needed to take a license; Zoho argued that it did not; and then the patentee's successor alleged infringement of a different feature when it filed suit.

Second, Knossos has had access to Zoho's S/MIME source code since November 2025 and reviewed that code in February 2026. Mot. at 3. A party that learns of a new theory in discovery must act promptly. *O2 Micro*, 467 F.3d at 1366–67. More than seven months later, Knossos still has neither charted S/MIME nor sought leave to do so.

Third, Zoho would be prejudiced. Claim construction briefing and argument are complete, and Zoho developed its invalidity and non-infringement positions against the theory Knossos disclosed. Had Knossos timely disclosed an S/MIME theory, Zoho would have pursued additional invalidity theories it had no reason to previously develop, including prior art directed to S/MIME and other certificate-based email encryption and third-party discovery concerning S/MIME and equivalent technologies. Now, that discovery cannot be completed without disrupting the schedule.

**B. <u>Knossos Has Not Carried Its Burden Under Its Own Authority.</u>**

Knossos relies on *Saxon Innovations, LLC v. Nokia Corp* for the proposition that discovery may reach beyond the charted products. Mot. at 5. Knossos recites *Saxon*'s test but does not attempt to satisfy it. The party seeking discovery must demonstrate both notice of a specific theory and reasonable similarity to it. *Saxon*, 2009 WL 10676646, at *2. Knossos has not made even a minimal showing. It offers attorney argument that, "as implemented in Zoho Mail, both use the same claim-relevant hybrid-encryption process," followed by a three-step description of how a symmetric key, a public key, and a private key interact. Mot. at 5–6. It cites no document, source code, or testimony showing how Zoho implements either feature, and its

only link to the claims is a bare cite to claim 1 of each patent. *Id*. at 6. This lack of evidence cannot carry a movant's burden, and Knossos cannot supply it for the first time on reply.

### C. Knossos Accused PGP-Enabled Zoho Mail, Not Every Feature of Zoho Mail.

Knossos's central premise is that it accused "Zoho Mail" as a whole, with PGP as a mere "example." Mot. at 2–5. But sending ordinary email meets none of the asserted encryption limitations. For each of those limitations, Knossos points to Zoho Mail PGP functionality; the charts' recurring lead-in, "Zoho, using Zoho Mail, performs" the step, merely restates the claim language. Dkt. 55-2 at 1–3. The only theory disclosed for encryption limitations is PGP, and the only citations are to Zoho PGP help pages and other public PGP documentation. Haack Decl. ¶ 3.

Knossos also argues that, because its charts introduce PGP with "for example," they reach any other way Zoho Mail encrypts email. Mot. at 2, 5. But reciting "for example" does not change what was identified by Knossos, and calling it an example does not identify an alternative feature by implication. *Orion*, on which Knossos heavily relies, excused charting "every possible manifestation" of infringement on a dynamic website with innumerable paths that could not practicably be captured in screenshots. 407 F. Supp. 2d at 817. Two discrete, separately documented encryption features present no such difficulty. Indeed, Knossos's request for usage data confirms the point. It seeks usage counts for S/MIME specifically, treating the use of the encryption feature, not Zoho Mail as a whole, as the relevant unit of infringement. Mot. at 6–7.

Knossos also argues that S/MIME falls within its disclosed theory because it is "sufficiently similar" to PGP, such that the two are "distinct examples of the same theory." Mot. at 4, 6 (citing *GREE* and *Multimedia*). Features that are alternatives for any given message cannot be presumed to work the same way, and Knossos has not compared S/MIME to the language of any claim limitation. *GREE* and *Multimedia* do not help Knossos fill this gap. Each

denied a motion to strike portions of an expert report that had mapped the additional functionality to the disclosed theory. Here, no one has mapped S/MIME to anything.

### D. Zoho Did Not "Pivot."

Knossos calls Zoho's objection a "last-minute pivot." Mot. at 1. The record shows otherwise. S/MIME was never part of the case as pleaded: Knossos's predecessor raised it before suit, Zoho denied infringement, and Knossos omitted it from both its complaint and its contentions. Knossos also points to Zoho's having made S/MIME source code available "without objecting." Mot. at 6. But making the source code for Zoho Mail *as a whole* available for inspection did not concede that every feature in it is accused. And when Knossos first asked for S/MIME data, Zoho objected in writing two days later and invited Knossos to explain its position. Haack Decl. ¶ 7, Ex. 2. The delay here is Knossos's.

### E. Alternatively, Any Addition of S/MIME Must Proceed by Amendment, with Reciprocal Relief.

If the Court is inclined to let Knossos pursue S/MIME, it should require a motion under P.R. 3-6(b) with proposed S/MIME charts for both patents, so that Zoho and the Court can evaluate the theory Knossos actually intends to pursue. Any leave should be paired with leave for Zoho to amend its invalidity contentions and non-infringement positions, and with corresponding adjustments to the schedule. And the Court should decline to adopt the proposed finding that S/MIME "performs substantially the same encryption operations as PGP," Dkt. 55-3 at 1, a merits determination made on no record.

## V. CONCLUSION

Without a properly disclosed theory, neither the non-existent S/MIME usage data nor other information relating to S/MIME is relevant to any claim or defense in this case. Fed. R. Civ. P. 26(b)(1). The Court should deny the motion.

Date: October 2, 2026

*/s/ Phillip J. Haack*

Ryan J. Marton (*Admitted E.D. Tex.)*
ryan@martonribera.com
Phillip J. Haack (*Admitted E.D. Tex.)*
phaack@martonribera.com
Tecuan Flores
tecuan@martonribera.com
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
415-360-2514

*Attorneys for Defendant Zoho Corporation Private Limited*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 2, 2026, I electronically filed this document with the Clerk of the Court for the Eastern District of Texas using the ECF System, which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

*/s/ Phillip J. Haack*
Phillip J. Haack